In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.

Appeal of Richard S. **ROBINSON** et al.

No. 71–1685.

United States Court of Appeals, Third Circuit.

Submitted Jan. 3, 1972.

Decided Jan. 20, 1972.

David Berger, Philadelphia, Pa. (Herbert B. Newberg, Gerald J. Rodos, Philadelphia, Pa., on the brief), for appellants.

Matthew J. Broderick, Dechert, Price & Rhoads, Philadelphia, Pa. (Norma L. Shapiro, Philadelphia, Pa., on the brief), for appellee Penn Central Co.

Edwin P. Rome, Blank, Rome, Klaus & Comisky, Philadelphia, Pa. (Robert W. Blanchette, Marvin Comisky, Matthew W. Bullock, Jr., Philadelphia, Pa., on the brief), for appellee Trustees of Debtor.

Before HASTIE and MAX ROSENN, Circuit Judges and McCUNA, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This appeal has been taken from Order No. 261, 328 F.Supp. 1273, entered by the District Court for the Eastern District of Pennsylvania in the course of the pending proceeding for the reorganization of Penn Central Transportation Co., a railroad under section 77 of the Bankruptcy Act, 11 U.S.C. § 205. The questioned order denied a petition wherein thirteen shareholders of Penn Central Co. sought to intervene generally in the reorganization proceeding. Penn Central Co. owns all of the stock of the debtor, Penn Central Transportation Co., and is a party in the reorganization of its subsidiary. The appellants own less than one tenth of one percent of the stock of Penn Central Co.

■ The only relevant language of section 77 appears in subsection (c) (13) and provides that ". . . any other interested party may be permitted to intervene." On its face this language makes the allowance of intervention discretionary rather than mandatory, and we so construe it. *Accord*, Boston & Providence R.R. Stockholders Development Group v. Smith, 2d Cir.1964, 333 F.2d 651. Thus the question here is whether the district court abused its discretion.

■ No evidence was tendered to show special circumstances that might support the petition to intervene. On the present record and for the justifying reasons stated in the district court's memorandum opinion, we hold that the denial of appellants' petition reflected a proper and allowable exericse of judicial discretion.

Order No. 261 will be affirmed.