**In re O.P.M. LEASING SERVICES, INC., Debtor.**

**Mordecai WEISSMAN, Appellant,**

v.

**James P. HASSETT, Trustee of O.P.M. Leasing Services, Inc., Appellee.**

No. 81 Civ. 6168 (GLG).

United States District Court, S. D. New York.

Dec. 18, 1981.

Dreyer & Traub, New York City, for appellant; Martin I. Klein, Betty I. Braverman, New York City, of counsel.

Zalkin, Rodin & Goodman, New York City, for appellee; Larry D. Henin, Richard S. Toder, New York City, of counsel.

## OPINION

GOETTEL, District Judge:

This is an appeal from the Bankruptcy Court's denial of Mordecai Weissman's application for an order directing the trustee of O.P.M. Leasing Services, Inc. (O.P.M.) to serve upon him all notices and papers served by O.P.M.'s trustee in its Chapter 11 proceedings.

On March 11, 1981, O.P.M. filed a voluntary Chapter 11 petition in the Bankruptcy Court of this District. Soon thereafter, various creditors moved for the appointment of a trustee, apparently because of allegations of fraud on the part of O.P.M. and the two individuals who controlled O.P.M., one of whom is Mordecai Weissman.

(Weissman is the former president of O.P.M. and the owner of 50% of the stock of Cali Trading International, Ltd. (Cali), the sole shareholder of O.P.M.) The motion was granted, and the United States Trustee appointed James P. Hassett as Trustee. Pursuant to 11 U.S.C. §§ 1106, 1108 (Supp. IV 1980), the Trustee was authorized to operate the business of O.P.M.[1]

O.P.M. engages in the business of buying, selling, and leasing new and used computers and related equipment.[2] There are currently over a thousand leases between O.P.M. and third parties involving computer equipment and peripherals. When leases routinely expire, the Trustee enters into new leases with different parties. Bankruptcy Court approval of the new leases is sometimes necessary if the new party to the contract requests it or if existing creditors of O.P.M. have a claim with respect to the particular equipment or lease proceeds. In addition, the Trustee regularly seeks authority from the Bankruptcy Court to affirm or reject specific leases.

Because of the large number of such applications and the large number of parties that had filed notices of appearance requesting notice of *all* applications, the Trustee sought authority from the Bankruptcy Court to limit the parties to whom notice of such administrative applications would be given. Notice of the application was served upon all parties who had filed notices of appearance, including Weissman. Weissman did not oppose this application, and an order limiting service of routine applications to the United States Trustee, counsel for O.P.M., the Creditors' Committee, and parties who would be affected by the application was entered. Four months later Weissman moved to modify this order so as to direct the trustee to serve upon him *all* notices and papers served by the trustee in the Chapter 11 proceeding. After a hearing, the Bankruptcy Court denied the application, and Weissman brought this appeal.

Contending that he has a fundamental constitutional right to receive all notices in the bankruptcy proceedings, Weissman requests the reversal of the lower court's ruling to "send a message to Bankruptcy Judges that they cannot summarily ignore a person's basic rights to due process." Brief of Appellant at 2. Although his argument is broadly stated, in the final analysis it can be narrowed to two claims. The first is that, as a creditor of the corporation and a party in interest under section 1109(b) of the Bankruptcy Code, 11 U.S.C. § 1109(b) (Supp. IV 1980), he is entitled to appear and be heard on any issue in the case—rights he allegedly cannot exercise without notice of all actions taking place in the bankruptcy. The second is that he has a due process right to know what is occurring in the administration of the bankruptcy case because the Trustee's investigation of the fraud allegations could result in criminal charges against him. Neither claim has merit.

■■■ As to the first claim, we do not believe that Weissman personally can be a creditor. To the extent that he may have claims, such as for salary, these would appear to be claims to be asserted by the trustee in his personal bankruptcy. *See* note 1 *supra*. Even assuming that he is nominally a creditor, however, the order of the bankruptcy judge would seem to be a discretionary one, reversible only for abuse of discretion. As to the second claim, it is clear that Weissman's "interest" in these proceedings exceeds those of the average creditor, albeit for totally different reasons. That he is concerned, however, does not necessarily afford him any legal rights. To cite an analogous example, although a per-

---

1. Two weeks after O.P.M. filed its voluntary petition, Weissman filed a voluntary Chapter 7 petition in the Bankruptcy Court, and a trustee was appointed to administer Weissman's assets. Thereafter, Hassett filed an involuntary Chapter 11 petition against Cali, and Hassett was appointed to serve as Trustee of Cali as well.

2. Prior to the filing of its Chapter 11 petition, O.P.M. was one of the largest computer leasing companies in the world. Consequently, there are hundreds of creditors with a substantial financial stake in the O.P.M. bankruptcy proceedings.

son under investigation by a grand jury has a desire to know what it is doing and could be seriously affected by its actions, he is not entitled to receive information concerning the grand jury's deliberations.

 It should also be noted that Weissman's former position as an officer of O.P.M. does not create any inherent rights in this matter. In major bankruptcies, there are often hundreds of former officers of insolvent corporations, and there is no authority for the proposition that their former employment bestows any rights *per se* in the corporation's bankruptcy proceedings. Indeed, although Weissman argues as if he were a stockholder in O.P.M., in fact, he held stock in the parent corporation, Cali, and not in the subsidiary. A stockholder of the parent is not a party in interest entitled to intervene in the reorganization proceeding of one of its subsidiaries. *In re South State Street Bldg. Corp.*, 140 F.2d 363 (7th Cir. 1943), *cert. denied*, 322 U.S. 761, 64 S.Ct. 1279, 88 L.Ed. 1588 (1944); *In re Penn Central Transportation Co.*, 328 F.Supp. 1273 (E.D.Pa.1971), *aff'd*, 455 F.2d 976 (3d Cir. 1972).[3]

Ultimately, therefore, we come down to the question whether the bankruptcy judge abused his discretion in not making Weissman an exception to his general order that only certain specified parties, and those affected by an application, would be given notice of administrative applications. The power of the Bankruptcy Court to enter such an order generally cannot be disputed. Bankruptcy Code, § 105, 11 U.S.C. § 105 (Supp. IV 1980). The bankruptcy judge, from his knowledge of the prior proceedings conducted before him and the papers filed in this matter, was in an ideal position to evaluate the need for the general order and the absence of any demonstrated prejudice to Weissman. Bankruptcy Rule 810 requires this Court to accept the bankruptcy judge's findings of fact unless clearly erroneous. *See In re Fabric*

*Tree, Inc.*, 558 F.2d 1069, 1072 (2d Cir. 1977). This Court cannot say that the bankruptcy judge abused his discretion in denying Weissman's application. Consequently, the Bankruptcy Court's order of October 9, 1981 is affirmed in all respects.

SO ORDERED.

---

3. Although Weissman speaks generally of his rights being infringed because of a lack of notice, he does not specify any identifiable property right. Indeed, it is self-evident that *if* any of his property rights are affected without giving him notice, he can assert a denial of due process. These claims should be asserted, however, only if they in fact arise.