693 F.2d 447
 Bankr. L. Rep. P 69,038
In The Matter Of FIRST COLONIAL CORPORATION OF AMERICA.
FIRST COLONIAL CORPORATION OF AMERICA, Plaintiff-Appellant,
v.
AMERICAN BENEFIT LIFE INSURANCE COMPANY, Defendant-Appellee.
 Nos. 82-3222, 82-3223
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 6, 1982.
 Franz Joseph Baddock, Baton Rouge, La., for plaintiff-appellant.
 Avant & Falcon, Floyd J. Falcon, Jr., Baton Rouge, La., for defendant-appellee.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before Chief Judge CLARK, and POLITZ and HIGGINBOTHAM, Circuit Judges.
 POLITZ, Circuit Judge:
 Franz Joseph Baddock, trustee in bankruptcy of First Colonial Corporation of America (First Colonial), appeals: (1) the district court's affirmance of an order of the bankruptcy judge[1] directing Baddock to deliver the residual assets of the bankrupt to a receiver appointed by a Louisiana court (docket number 82-3222), and (2) the district court's refusal to appoint a federal receiver (docket number 82-3223). Stripped to essentials, the consolidated appeals challenge the turnover of the assets remaining after a full administration of the estate to a state rather than a federal receiver. Finding no error of law, clearly erroneous factual finding, or abuse of discretion in the questioned rulings by the district and bankruptcy courts, we affirm.
 Background Facts
 First Colonial, incorporated in 1961 under Delaware law, was abandoned by its directors and management and forced into involuntary bankruptcy in June 1970.[2] Shortly thereafter the corporation was adjudicated a bankrupt and Baddock was appointed trustee. American Benefit Life Insurance Company (American Benefit), disputed majority shareholder of First Colonial[3] and appellee in these consolidated appeals, was permitted to intervene in the bankruptcy proceeding in mid-1974. At about that time, the court approved a procedure wherein all timely filed claims were satisfied.
 In June of 1974, American Benefit petitioned the state district court in Orleans Parish for appointment of a receiver for First Colonial. The state tribunal appointed Jno. Fournet, retired Chief Justice of the Supreme Court of Louisiana, as temporary receiver under the provisions of La.R.S. 12:151 C. Justice Fournet's involvement was essentially passive and he was never confirmed as receiver under La.R.S. 12:151 A.
 
 
 1
 The proceedings, complex and cumbersome, unfolded at a leaden pace. Finally, in July of 1980, the bankruptcy judge, Harvey H. Posner, entered the final orders assessing priority fees and declining to reopen the filing period to accommodate creditors who had failed to file their claims timely. Baddock filed a complaint against the Internal Revenue Service and American Benefit seeking, inter alia, a clearance and discharge of unliquidated tax liabilities as a prelude to termination of the bankruptcy proceeding. The complaint declared that all claims had been satisfied and, subject to a possible IRS levy, the residue of the estate, upon completion of its administration, would total $220,609.83.
 
 
 2
 Thereafter the trustee petitioned for conversion of the bankruptcy into a Chapter X reorganization. The bankruptcy judge dismissed this petition because "the estate has already been fully administered as a straight bankruptcy case and full relief has already been accorded said corporation and its creditors," and because the petition did not comply with Chapter X. This ruling was not appealed.
 
 
 3
 Baddock then challenged the venue of the Fournet receivership proceedings. In response, American Benefit petitioned the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, for appointment of James J. Zito as temporary receiver. Baddock did not object to this appointment. Once the bankruptcy court absolved First Colonial and Baddock of any further liability for federal tax, Baddock sought the appointment of a federal receiver in the United States District Court for the Middle District of Louisiana. After the two judges in the Middle District recused themselves, the case was transferred to the Eastern District and alloted to Judge Robert F. Collins.
 
 
 4
 Within a week of moving for appointment of a federal receiver, Baddock filed his final accounting, reflecting a cash and non-cash residue totaling $216,664.49. All parties were given a copy of the report and notified of a 15-day period for interposing objections. The bankruptcy judge ultimately approved the report and directed the trustee to deliver the surplus to the bankrupt or its legal representative, whereupon the estate would be closed, the trustee would be discharged and his bond would be canceled.
 
 
 5
 In January of 1981 American Benefit moved for delivery of the residual assets to James J. Zito, in his capacity as temporary receiver for First Colonial. After a hearing, the bankruptcy judge directed Baddock to surrender to Zito all First Colonial assets upon the judge being satisfied of the sufficiency of the receiver's credentials. Zito was ordered to present his letters of appointment.[4] The trustee appealed this order to the district court.
 
 
 6
 In reviewing the bankruptcy court's order, Judge Collins traced the origins of equity jurisdiction in a bankruptcy setting and concluded that Judge Posner had acted within his discretion in directing the trustee to deliver the surplus assets to the temporary receiver. The district court opined that given the completion of the administrative process, the only issue remaining was the resolution of the identity of the party entitled to receive the assets of First Colonial. See note 4, supra. The district court found that the broad discretion accorded the bankruptcy judge extended to directing delivery of the surplus assets to a receiver appointed by a state court. Finally, Judge Collins rejected as untimely the trustee's request for the recusal of the bankruptcy judge.
 
 
 7
 On the basis of his affirmance of the bankruptcy court's order directing delivery to the state receiver, the district court dismissed the trustee's petition for appointment of a federal receiver. Insofar as the record reflects, the bankruptcy proceedings have not been closed; the trustee has not been discharged.
 
 Issues
 
 8
 Invoking the authority purportedly conferred upon him by this court in a prior appeal, In re First Colonial Corporation of America, 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977), the trustee challenges both American Benefit's standing to seek Judge Posner's recognition of a state court receivership for purposes of preserving the debtor's residual assets and the power of the bankruptcy court to do so. Other issues are raised which were not properly presented or preserved for appeal. See In re Novack, 639 F.2d 1274 (5th Cir. 1981); In re Levens, 563 F.2d 1223 (5th Cir.1977).[5]
 
 
 9
 As we noted in our earlier opinion, the trustee is usually the sole party empowered to proceed on behalf of the bankrupt estate. 544 F.2d at 1297. However, this may not be interpreted as bestowing on a trustee the exclusive right to champion the rights of a bankrupt corporation and its shareholders in and to the residual assets after the administration of the estate is complete and the final account is submitted. See Berl v. Crutcher, 60 F.2d 440 (5th Cir.), cert. denied, 287 U.S. 670, 53 S.Ct. 314, 77 L.Ed. 578 (1932).
 
 Standing
 
 10
 Baddock argues that: (1) American Benefit may not act for the state receiver; (2) American Benefit's title to the First Colonial stock is fatally flawed; (3) American Benefit may not champion the rights of First Colonial shareholders. Addressing standing, the bankruptcy judge remarked during the hearing on American Benefit's petition for appointment of Zito as custodian of the residual assets:
 
 
 11
 American Benefit Life Insurance Company was permitted to intervene generally in this proceeding some five or six years ago, and is a proper party to the proceedings as the Fifth Circuit noted in its opinion in 1977. [544 F.2d at 1297-98.] Irrespective of whether American Benefit Life Insurance Company owns five hundred thousand shares of First Colonial Corporation or whether it owns one share makes no difference whatsoever. It has been determined that it is a proper intervenor and it certainly has the right to suggest to the Court to whom the residual assets should be turned over.
 
 
 12
 Judge Posner concluded that sua sponte he could have ordered the trustee's turnover of any surplus to the debtor; American Benefit's suggestion of this option could not affect that authority.
 
 
 13
 We previously held that American Benefit, as a shareholder, has a valid interest in the disposition of the residual assets, including, under the circumstances of this case, appeal of fees awarded to the trustee and others which might diminish the residue. 544 F.2d 1297. We shall not plow that furrow again.
 
 
 14
 Baddock maintains that he was misinformed about deficiencies in American Benefit's stock ownership claim. He has no cognizable interest in that matter at this stage. The trustee's authority and responsibility for protecting the estate does not extend to a dispute over the validity of the claims of those purporting to own the surplus assets after completion of the bankruptcy proceeding.
 
 Disposition of Surplus
 
 15
 There is no question that the estate has been fully administered and the debtor is entitled to receive the remaining assets. Thus we perceive as the sole issue the identification of the proper person to take possession of the surplus assets in light of the abandonment of the bankrupt corporation by its directors and officers.
 
 
 16
 Section 2(a) of the Bankruptcy Act, 11 U.S.C. Sec. 11(a), invests the bankruptcy courts with "jurisdiction in equity," a codification of a jurisprudential rule. See Bank of Marin v. England, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); In re Miller, 485 F.2d 74 (5th Cir. 1973). Bankruptcy courts traditionally have been guided by precepts of equity in those areas falling within the interstices of the Act; one such area being the proper disposition of the surplus. In the absence of an express provision for the orderly devolution of surplus monies or other assets after payment of all debts and administrative costs, the courts have relied upon equitable principles in returning such surplus to the debtor. Time Oil Co. v. Wolverton, 491 F.2d 361 (9th Cir.), cert. denied, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974); Hendrie v. Lowmaster, 152 F.2d 83 (6th Cir. 1945); Burton Coal Co. v. Franklin Coal Co., 67 F.2d 796 (8th Cir. 1933); Wheeling Structural Steel Co. v. Moss, 62 F.2d 37 (4th Cir.1932); Berl v. Crutcher. Where the debtor is a defunct corporation, the bankruptcy court may provide for distribution of the residue to its shareholders. Hendrie v. Lowmaster, Berl v. Crutcher; Johnson v. Norris, 190 F. 459 (5th Cir. 1911), cert. denied, 232 U.S. 723, 34 S.Ct. 479, 58 L.Ed. 815 (1914). See generally 6 Remington, Bankruptcy Law, Sec. 2890 (5th ed. 1952).
 
 
 17
 The bankruptcy court correctly exercised its power to restore the surplus to First Colonial's shareholders. The bankruptcy court properly directed the trustee to deliver the surplus to the state-appointed receiver. As a leading commentator noted:
 
 
 18
 ... it is outside the scope of bankruptcy to go into conflicting claims of stockholders or as to who is entitled to the assets of a dissolved corporation, and, in such instances, the bankruptcy court may simply hold the assets or provide for their custody pending determination of rights by another tribunal.
 
 
 19
 6 Remington, Sec. 2890 at 510. Accord, Berl v. Crutcher, 60 F.2d at 444.
 
 
 20
 The submissibility of a particular controversy arising in bankruptcy to a state court is ordinarily within the bankruptcy court's discretion, to be exercised in the interests of the parties, the estate and the proceeding. 1 Collier on Bankruptcy, p 2.07 at 166 (14th ed. 1974). There was no danger of conflict between the paramount jurisdiction of the bankruptcy court and that of the courts of Louisiana, inasmuch as the trustee's official duties had been fulfilled and the administration of the estate was completed. The district court carefully considered the welfare of the debtor and its shareholders, together with the Act's underlying policy of efficient and expeditious settlement of proceedings in bankruptcy, in affirming the bankruptcy court's order. The court likewise, on this basis, properly dismissed the petition for a federal receiver.
 
 
 21
 The judgment of the district court, in each case, is, in all respects, AFFIRMED.
 
 
 
 [1]
 This proceeding is governed by The Bankruptcy Act of 1898, repealed in 1978 and replaced by the current code. See 11 U.S.C. Sec. 403(a) (1980)
 
 
 [2]
 A detailed recital of the early stages of the bankruptcy proceeding may be found in In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977), wherein we disposed of appeals challenging awards of priority fees made to attorneys for the trustee and a petitioning creditor
 
 
 [3]
 American Benefit acquired stock in First Colonial by virtue of a reinsurance agreement with the receiver for Alabama National Life Insurance Company, then in receivership under the supervision of the Circuit Court of Jefferson County, Alabama. This agreement, dated March 30, 1970, provided for the reinsurance of the business of Alabama National. Title to certain assets, including First Colonial stock, was conveyed to American Benefit
 
 
 [4]
 The record does not reflect compliance with this mandate, although American Benefit has sought to file copies of Zito's oath of office and letters issued post-appeal. We are reluctant to enlarge the record to include materials not before the district court. Kemlon Prods. & Devel. Co. v. United States, 646 F.2d 223 (5th Cir.1981), cert. denied, 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162; 16 Wright & Miller, Federal Practice and Procedure Sec. 3956 (1981 Supp.). This matter remains for resolution by the district court
 
 
 [5]
 Our examination of the record discloses that appellant's objections to the power of the Orleans Parish court to exert in personam jurisdiction over First Colonial in the receivership proceeding, and to the refusal of Judges Posner and Collins to recuse themselves were not properly preserved for appeal. The jurisdictional issue was not raised in the bankruptcy court, nor did the debtor, through its trustee, request Judge Posner to disqualify himself. Because the latter contention had not been interposed in the bankruptcy court, the district court declined to entertain it on appeal. Although American Benefit moved for Judge Collins' recusal on the basis of certain intemperate remarks made by a former law clerk, Baddock vigorously opposed the motion on behalf of First Colonial and in fact prevailed on this issue. One may not appeal an issue upon which one prevailed absent exceptional circumstances
 Our rule against considering issues raised for the first time on appeal does not control (1) when a pure question of law is posed and a refusal to entertain such a question results in a miscarriage of justice, (2) where the interest of substantial justice is at stake, or (3) there was no opportunity to object to an order upon its issuance, In re Novack, 639 F.2d at 1277. None of these exceptions is implicated under the facts and circumstances of this case. Our review shall therefore be limited to issues properly asserted before the bankruptcy or district courts at the time the orders appealed from were entered.