## In re ROYAL PROPERTIES AND INVESTMENTS, INC., Debtor.

**Bankruptcy No. 86–02468–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 11, 1986.

Andrew Cotzin, Miami, Fla., for debtor.

Andrew J. Nierenberg, Miami, Fla., for movant.

Patricia Redmond, Miami, Fla., for T.R. Post.

## ORDER DENYING MOTION OF STAPLES MANAGEMENT

THOMAS C. BRITTON, Chief Judge.

The motion (C.P. No. 19) of Staples Management, Inc., to defer dismissal of this case, to redesignate the representative of the debtor-in-possession, to extend time for a plan, and to compel compliance with a discovery order directed to the debtor's president, was heard on December 8. It is denied.

Staples claims to be the 51% owner of a corporation which, in turn, owns all the stock of the debtor. This case was dismissed November 26 (C.P. No. 21) when the debtor failed to file a plan and disclosure statement within the deadline previously established by this court. The debtor does not presently dispute the appropriateness of that order. This motion did not reach me before entry of the foregoing order. Therefore, I have treated this motion as a timely motion for rehearing and reconsideration.

Movant asserts that the bankruptcy petition on behalf of the corporation was filed without the knowledge or consent of Staples and Staples is not satisfied with the way the case was handled on behalf of the debtor, and Staples now wishes to reinstate the case and be given an opportunity to try again under its own leadership. The petition appears regular upon its face. It is not suggested that the signature of its president is a forgery or that he did not then hold office or that his action was ultra vires.

■ The motion is denied for two reasons. In the first place, it comes much too late. Movant concedes that it first became aware of the pending bankruptcy the latter part of October and filed its appearance through counsel on November 4. It should have immediately challenged the authority of the corporate representation or it should have supplanted that representation. It has done neither.

The deadline for the plan, November 18, was established on the motion of a mortgagee which held a foreclosure decree and which had been denied stay relief to afford this debtor a reasonable opportunity to present a plan. This debtor failed to comply with that order and the case was dismissed pursuant to that order.

■ There is no requirement that a majority shareholder or any shareholder in the debtor corporation receive notice of the filing of a bankruptcy petition. It is the responsibility of shareholders to select appropriate representatives and to supervise the actions of those representatives. If this movant in fact indirectly controlled the debtor corporation, it should have taken steps long ago to assure adequate representation of its interest through the board and officers of the corporation.

The bankruptcy proceeding is not the forum to seek new representation. As a leading commentator noted:

"[I]t is outside the scope of bankruptcy to go into conflicting claims of stockholders...." 6 Remington, § 2890 at 510, *cited with approval in, Matter of First*

*Colonial Corp. of America,* 693 F.2d 447, 451 (5th Cir.1982).

■ Secondly, a stockholder of a parent corporation is not a party in interest entitled to intervene in the reorganization proceeding of its subsidiary. *Weissman v. Hassett (In re O.P.M. Leasing Services, Inc.),* 21 B.R. 983, 986 (S.D.N.Y.1981).

If, as movant intimates, the debtor's representation in the prebankruptcy foreclosure proceeding and in the bankruptcy proceeding amounted to a fraud on the corporation, that contention may be presented to the State court which has jurisdiction of the foreclosure proceeding (which has been stayed pending this bankruptcy proceeding). The State court is a court of equity with complete jurisdiction to consider not only that issue but also the lawful authority of the corporate representation. Both these issues are entirely governed by State law and can be litigated in the State forum more appropriately than here.

It is apparent, of course, that though this movant questions the authority of the debtor's representative to file this bankruptcy, movant now wants the bankruptcy reinstated. This constitutes a ratification of the filing. It has, therefore, ratified the action which it wishes to challenge. The actual relief sought by movant, I believe, is leave to relitigate the corporate reorganization. That relief would severely prejudice the rights of the mortgagee and movant has provided no predicate for me to accommodate it at the expense of the innocent third party, the mortgagee.