**SANDRA COTTON, INC., Appellant,**

v.

**BANK OF NEW YORK, Appellee.**

**No. CIV–85–1322E.**

United States District Court,
W.D. New York.

June 22, 1988.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This is an appeal from an Order of the Bankruptcy Court lifting the automatic bankruptcy stay on certain of the real properties of the debtor Sandra Cotton Inc. The stay was lifted upon a motion by the Bank of New York which held a mortgage on the properties. The Bankruptcy Court found that the debtor had no equity in the collateral. A request for a stay pending the appeal was denied by this Court August 14, 1986, 64 B.R. 262 (1986), and a motion to vacate that Order was denied April 24, 1987. The issues now before this Court, even before the merits of the appeal can be addressed, are (1) whether the appeal has been perfected pursuant to Bankruptcy Rule 8006, 11 U.S.C., (2) whether Jack Liffiton as a shareholder of the debtor corporation can intervene and be heard on this appeal and (3) whether anyone except the Trustee in Bankruptcy of the debtor can represent the interests of the debtor.

■ Nearly three years have passed since the September 27, 1985 filing of the Notice of Appeal and the Record still lacks a transcript of the Bankruptcy Court proceeding. Bankruptcy Rule 8006 provides in pertinent part that, "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, he shall immediately after filing the designation deliver to the reporter and file with the clerk of the bankruptcy court a written request for the transcript and make satisfactory arrangements for payment of its cost." Neither Liffiton nor the attorney he recently has retained to try to represent the debtor corporation on this appeal has taken the steps necessary to have the transcript ordered and filed. The Trustee of the debtor's estate has refused to pay for the transcript and this Court is not now going to involve itself in questioning his judgment. Suffice it to say that this appeal does not appear necessary or in the best interests of the debtor. Accordingly, the appeal must be dismissed for the "appellant's" failure to perfect the Record on Appeal.

Jack L. Getman, David R. Knoll, Buffalo, N.Y., for appellant.

Marvin R. Baum, Buffalo, N.Y., for appellee.

Liffiton has repeatedly tried to represent the debtor corporation on various matters before this Court but such requests have been repeatedly denied because he is not an attorney. He now claims that, as a shareholder of the corporation, he has a right to intervene on behalf of himself and to be heard on this appeal. *See* 11 U.S.C. § 1109(b). This section provides that a party in interest, including an equity security holder, has a right to appear and be heard on any issue in a case under Chapter 11 of the Bankruptcy Code. Apart from the fact that this case is now a Chapter 7 case, after its conversion from Chapter 11, Liffiton can not now be allowed to intervene and be heard on this appeal inasmuch as he did not first seek to intervene in the Bankruptcy Court. Without first having sought to intervene in the original proceeding, Liffiton can not now be granted standing to appear on the appeal from an order entered in the original proceeding. Accordingly, Liffiton will not be allowed to intervene and be heard on this appeal.

Lastly is the question whether anyone besides the Trustee in Bankruptcy can proceed on behalf of and represent the debtor corporation. An attorney apparently retained by Liffiton to appear on its behalf argues that he has the right to represent the ongoing "residue" of the corporation which will remain after the bankruptcy has ended. The attorney for the Trustee maintains that only the Trustee and his attorney can represent the debtor and that there is no "residue" to represent because a corporation is never discharged in or from a Chapter 7 proceeding.

Pursuant to 11 U.S.C. § 727(a)(1) only an individual can be granted a discharge in bankruptcy, and it thus appears that there would be no "residue" of the corporation to be represented or protected by someone other than Trustee. The Trustee is the representative of the estate, 11 U.S.C. § 323, and it is he who normally is the proper party to proceed on behalf of the bankrupt. *See Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1297 (5th Cir.), *cert. denied sub nom. Baddock v.*

*American Benefit Life Insurance Co.*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *see also Matter of First Colonial Corp. of America*, 693 F.2d 447 (5th Cir. 1982), *cert. denied*, 461 U.S. 915, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983) (a pre–1978 Bankruptcy Code proceeding stating the general rule that only the Trustee is empowered to represent the bankrupt but nevertheless granting the majority shareholder, who had intervened earlier, standing to be heard on the dispute over who owns the surplus assets at the conclusion of the bankruptcy proceeding). The power and duties of the Trustee are extensive and he has broad management authority over the debtor. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352, 105 S.Ct. 1986, 1992, 85 L.Ed.2d 372 (1985). Pursuant to Bankruptcy Rule 6009 the Trustee is granted complete authority and discretion with respect to prosecuting or defending any litigation involving the bankrupt. *See generally* 2 *Collier on Bankruptcy*, ¶ 323.02, p. 323–16 (15th ed. 1979). He is even vested with control of the corporation's attorney-client privilege. *Commodity Futures Trading Comm'n, supra.* With these general principles firmly in place and having in mind the fact that a bankrupt corporation is never discharged, it is readily apparent to this Court that there is no party other than the Trustee who can represent the debtor corporation on this appeal. Without any discharge in bankruptcy there is no residue remaining or to remain in the corporation except, perhaps, for the goodwill or name of the corporation. This Court finds no residue such as would entitle the debtor to be represented by someone other than the court-appointed Trustee.

Accordingly it is hereby ORDERED that the appeal is dismissed and that neither Jack Liffiton nor an attorney of his choice has a right to be heard on this appeal.