In re SANDRA COTTON, INC. Debtor.

The BANK OF NEW YORK, Appellee,

v.

SANDRA COTTON, INC., Jack D. Liffiton, Corey J. Hogan, Appellants.

CIV–88–1092E.

BK 84–12210C.

United States District Court, W.D. New York.

April 24, 1989.

See also, D.C., 87 B.R. 272.

Marvin Baum, Buffalo, N.Y., for appellee.

Corey Hogan, Buffalo, N.Y., for appellants.

MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an appeal, pursuant to 28 U.S.C.

198

§ 158(a),[1] by appellants Sandra Cotton, Inc. ("the debtor") and Jack D. Liffiton, a shareholder of the debtor, from an Order of United States Bankruptcy Judge John W. Creahan entered July 12, 1988 which granted the oral motion of the appellee ("the Bank") for a judgment on the pleadings and granting a permanent injunction enjoining the appellants and any officers, shareholder, or directors of the debtor from bringing any proceeding in the United States Bankruptcy Court for the Western District of New York or any other court on behalf of the debtor. The issue presented on this appeal, as stated by the appellants, is whether the granting of a permanent injunction by Judge Creahan was an abuse of his discretion.

The underlying Bankruptcy action (BK 84–12210C) was commenced December 14, 1984 by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on behalf of the debtor. Liffiton is claimed to be the debtor's sole shareholder. A trustee was appointed to administer the estate and, when the case was converted to one under Chapter 7 of the Bankruptcy Code (Order entered January 14, 1986), the same trustee was again appointed and has continued and continues to administer the estate. The Bank, the debtor's largest creditor, obtained twenty-three judgments of foreclosure against the debtor; said judgments resulted in the sale of the twenty-three parcels of land then owned by the debtor. The debtor has been attempting, through the filing of motions by Liffiton and its attorney in both the Bankruptcy Court and the County Court of Erie County (N.Y.), to obtain relief from the Bank's judgments of foreclosure. The Bank in April 1988 then brought the present complaint in order to try to prevent any additional harassment by the debtor and Liffiton by repeated filings of motions or other actions. The Bank alleged in its Complaint that the actions of both the debtor and

Liffiton were in direct contravention of an Order of the Bankruptcy Court dated February 23, 1988 which denied the debtor's motion for an order directing the Trustee to seek relief from the judgments of foreclosure or granting it leave to do so. The Bank also contended that the attorney for the debtor, Corey J. Hogan, Esq., had conceded in an October 1987 letter (Exhibit D to the Complaint) that Sandra Cotton, Inc. did not have standing to bring a motion seeking an order vacating its defaults in the foreclosure actions because all affirmative defenses of the debtor had inured to the benefit of the estate and had to be asserted by the Trustee and only by the Trustee. But in February and March 1988 the debtor, through Liffiton and Hogan, brought motions seeking relief from the judgments of foreclosure.

A trial on the Bank's Complaint and the appellants claimed affirmative defenses was scheduled for June 23, 1988 at which time the Bank's attorney and the named defendants appeared.[2] Instead of presenting evidence, as was the purpose of that day's appearance, the Bank moved orally for a judgment on the pleadings, which was granted over opposition by both Liffiton and Hogan. The appellants assert on this appeal that Judge Creahan abused his discretion in granting the motion inasmuch as the parties had appeared in court for the purpose of presenting evidence on the issue of the granting *vel non* of a permanent injunction and that without taking any evidence on said issue, Judge Creahan had granted the Bank's oral motion which had been made without any prior notice to appellants. Judge Creahan's Order was based on an Order of this Court filed the day before, June 22, 1988, which held that only the Trustee could act on behalf of the debtor and that neither Liffiton, as a shareholder, nor an attorney retained by Liffiton to act on behalf of the debtor, could appear

1. "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under

this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

2. Corey J. Hogan, Esq. was a named-defendant but was not enjoined by the Bankruptcy Court.

on behalf of the debtor because there was no "residue" of the debtor corporation to be represented by an attorney inasmuch as a corporation is never discharged in or from a Chapter 7 bankruptcy proceeding. This Order also precluded Liffiton from appearing on behalf of himself as a shareholder pursuant to 11 U.S.C. § 1109(b) because he had not sought permission to intervene in the first instance in the Bankruptcy Court. *Sandra Cotton, Inc. v. Bank of New York*, 87 B.R. 272 (W.D.N.Y.), Notice of Appeal filed (1988). The gist of the appellants' argument is that they did not receive any notice of the motion and were thus taken by surprise by the motion and its being granted.

Bankruptcy Rule 8013 provides that:

"On an appeal the district court * * * may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

Therefore, a bankruptcy judge's findings of facts and inferences drawn from facts are not to be disturbed by a district court unless they are clearly erroneous. *In re Allied Artists Pictures Corp.*, 71 B.R. 445 (S.D.N.Y.1987); *In re Tesmetges*, 47 B.R. 385 (E.D.N.Y.1984). As to conclusions of law made by the bankruptcy judge, the district court must make an independent determination of the applicable law. *In re Tesmetges, supra*, at 389.

In ruling on the Bank's motion for judgment on the pleadings Judge Creahan was to apply the strictures of Fed.R.Civ.P. rule 12(c). Bankruptcy Rule 7012(b). Rule 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." On such a motion all the well-pleaded material allegations of the non-moving party are to be taken as admitted. *See, e.g., Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283 (2d Cir.1974). A motion for judgment on the pleadings may be granted only if, on the facts as deemed admitted, the moving party is clearly entitled to judgment. *See Maggette v. Dalsheim*, 709 F.2d 800 (2d Cir.1983); *see generally* 2A *Moore's Federal Practice,* ¶ 12.15, pp. 12–105 to 12–106.

As noted above the appellants contend that the oral motion for judgment on the pleadings made the day of trial deprived them of the requisite written notice of such motion. *See* Bankruptcy Rule 7007 and Fed.R.Civ.P. rule 7(b). Oral motions are not precluded by the Federal Rules of Civil Procedure as long as they are made at a hearing where the proceedings are recorded. *See International Business Machines Corp. v. Edelstein*, 526 F.2d 37, 47 (2d Cir.1975); *see generally* 2A *Moore's Federal Practice,* ¶ 7.05, pp. 7–18 to 7–19. This Court finds that the making of and the entertaining of the oral motion made on behalf of the Bank was neither improper nor an abuse of Judge Creahan's discretion. The motion was made at the scheduled commencement of the trial and was not intended to and obviously did not delay any trial. The surprise claimed by the appellants is not convincing inasmuch as they had appeared in Bankruptcy Court June 23, 1986 prepared to go to trial on the issue of the granting of a permanent injunction. Clearly they cannot claim that they were ready for trial, on the one hand, and then claim that they were surprised and unprepared for a motion for judgment on the pleadings, on the other hand. Clearly they must have been prepared or at least should have been prepared for the legal arguments involved because, if not, they could not have been properly prepared for a trial on the issues involved.

Judge Creahan made his decision after the oral arguments by the Bank's attorney, Mr. Hogan and Mr. Liffiton. His decision relied in large part on this Court's Order issued the day before which held that only the Trustee could represent the interests of the debtor, Sandra Cotton Inc., and that neither Mr. Liffiton nor an attorney retained by him to represent Sandra Cotton, Inc. had standing to appear on an

appeal from an Order of the Bankruptcy Court. Furthermore Judge Creahan noted that any defenses that the debtor had to the foreclosures—*e.g.*, lack of service of process on it—could have been interposed by the Trustee and by him alone. Inasmuch as the Trustee did not interpose such defenses, for whatever reason, "he's foreclosed from doing anything about that at the present time." Transcript of Proceedings held June 23, 1988 at 24. Therefore, it was held that Liffiton and Sandra Cotton, Inc. were enjoined from bringing any proceeding on behalf of or in the name of Sandra Cotton, Inc. in any court.

In light of this Court's Order and the Bankruptcy Court's repeated rulings and pronouncements that only the Trustee could act on behalf of the debtor, it is clear that Judge Creahan's Order was not an abuse of his discretion. Therefore, the injunction enjoining Liffiton, Sandra Cotton, Inc. and any of its officers, shareholders or directors from bringing any proceeding in any court on behalf of the debtor will be upheld.

Accordingly it is hereby ORDERED that the Order of the Bankruptcy Court, Judge Creahan, entered July 8, 1988 is Affirmed.