**In re Louis PORTER, Debtor.**

**John B. JARBOE, Trustee, Plaintiff,**

v.

**YUKON NATIONAL BANK, a National Banking Association, Defendant.**

**Bankruptcy No. 83–00716.**
**Adv. No. 84–0302.**

United States Bankruptcy Court, N.D. Oklahoma.

Oct. 3, 1985.

John B. Jarboe, Jarboe, Swinson & Keefer, Tulsa, Okl., for plaintiff.

Robert Roark, McKenny, Stringer & Webster, Oklahoma City, Okl., for defendant.

**ORDER DENYING MOTIONS FOR STAY**

MICKEY D. WILSON, Bankruptcy Judge.

This matter comes on for consideration on the motion of Yukon National Bank for stay pending appeal of the Order and Judgment entered orally August 28 1985, and the written Order and Judgment being entered on September 23, 1985. For the reasons set forth below, Yukon National Bank's motion is denied.

Consideration of a motion for stay pending appeal is governed by Rule 62(a), (c) and (d) of the Federal Rules of Civil Procedure, applicable here pursuant to Bankruptcy Rules 7062 and 9014, and Bankruptcy Rule 8005. These rules of procedure and judicially created standards establish two types of stays, one issues as a matter of right and the other is discretionary. See *Wymer v. Wymer*, 5 B.R. 802 (Bankr.App. 9th Cir.1980). The matter of right stay, usually confined to money judgments, requires the posting of a supersedeas bond pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. This Court will consider whether Yukon National Bank's motion is sufficient to invoke the Court's discretionary power to grant a stay.

■ Discretionary stays pending appeal are governed by Rule 62(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 8005. A discretionary stay is in the nature of a preliminary injunction. Therefore, in determining whether this Court should issue a stay pending appeal the Court will consider the factors used in determining whether a preliminary injunction should issue. Those factors are: (1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3) no substantial harm to the other interested persons; and (4) no harm to the public interest. This standard has been adopted by the federal courts in determining whether to grant a stay pending an appeal in bankruptcy matters. *Schwartz v. Covington*, 341 F.2d 537 (9th Cir.1965); *Long v. Robinson*, 432 F.2d 977 (4th Cir.1970); *Wymer v. Wymer*, (Bankr.App. 9th Cir.1980).

■ Yukon National Bank has not demonstrated any likelihood of succeeding on the merits of the appeal. Further, Yukon National Bank has not identified any significant errors in this Court's decision to show this Court that it would likely prevail on appeal nor have they presented any argument not previously considered by the Court. Yukon National Bank has failed to offer any argument or cite any controlling authority in support of its contentions in its motion to stay and brief that this Court's previous determination of the issues involved was erroneous. Upon examination of Yukon National Bank's statement of the issues it intends to present on appeal, this Court can discern no issue of fact or law which will reasonably be subject to question. Without a substantial indication of probable success on appeal a court should not issue a stay as there is no justification for a court's intrusion into the normal processes of administration and judicial review. See *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, (D.C.Cir.1958).

Yukon National Bank argues that irreparable harm would result if a stay of the Order and Judgment were not granted because of the amount of the judgment involved. However, Yukon National Bank further states that it is a solvent national banking institution that is financially secure. The Court finds and concludes that Yukon National Bank will not suffer irreparable harm if a stay is not granted.

On the basis of the August 28, 1985, trial, the Court concludes that the other interested persons and creditors would suffer irreparable harm if the Order and Judgment are stayed pending appeal. The public interest, though difficult to measure in a case involving primarily private rights, is generally served by moving forward.

Applying the rules of procedure and the judicially created standards to the motions at hand, the Court concludes that the issuance of a discretionary stay of orders is inappropriate under the circumstances of this case, and

IT IS THEREFORE ORDERED that the motion of Yukon National Bank for a stay pending appeal of the Judgment and Order be, and the same hereby is, denied in all respects.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to file a copy of this order in the appeal of this case, the same being assigned Case No. 85–C–851–E.