**In re Glenn King DUNCAN and Norma Jean Duncan, Debtors/Appellants.**

No. CIV 88–2052.
Bankruptcy No. BK 87–00059B.

United States District Court,
W.D. Oklahoma.

Dec. 9, 1988.

Sam H. Johnson, Lawton, Okl., for debtors.

ORDER

PHILLIPS, District Judge.

Before the Court is Debtors/Appellants' Motion for Stay of Order Pending Appeal.

On September 28, 1988 the Bankruptcy Court entered an Order on Debtors' Objection to Trustee's Proposed Sale of Property Free and Clear of Liens, sustaining in part and denying in part debtors' objections. 107 B.R. 754. Debtors presently have an appeal of that Order pending before this Court. Debtors request that the Court stay the effectiveness of the September 28 Order, pending appeal.

Rule 8005, Fed.R.Bankr.P., which deals with stays pending appeal provides in pertinent part:

A motion for a stay of the judgment, order, or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance in the bankruptcy court. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy court may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the bankruptcy court, may be made to

the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

■ Rule 8005 provides among other things that (1) a motion for stay must be "made in the first instance in the bankruptcy court" and (2) a motion for stay made in the district court "shall show why the relief ... was not obtained from the bankruptcy court." While the debtors state in their motion that a previous motion to stay was denied on December 6, 1988 by Judge Lindsey, they in no way indicate the reasons for the judge's action. Thus debtors have failed to comply with Rule 8005. Moreover, as set forth below, the debtors have failed to make the necessary showing for the Court to enter a stay in this case.

■ The standard used for determining whether to grant a stay is the same standard used to determine whether to grant a preliminary injunction. *Sandra Cotton, Inc. v. Bank of New York,* 64 B.R. 262 (W.D.N.Y.1986); *In re Porter,* 54 B.R. 81 (Bankr.N.D.Okla.1985); 9 *Collier on Bankruptcy,* ¶ 8005.06, pp. 8005–9 (1988). In the Tenth Circuit, a moving party must satisfy specific criteria in order to be entitled to a preliminary injunction. *See Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.,* 805 F.2d 351 (10th Cir.1986). In the present case the debtors have failed to satisfy several of these requirements. For example, debtors have failed to demonstrate that there is a substantial likelihood they will prevail on the merits of the appeal.

Accordingly, for the reasons stated above, debtors' motion for stay is DENIED.

IT IS SO ORDERED.