**In re DRISLOR ASSOCIATES, a Colorado joint venture, Debtor.**

**DRISLOR ASSOCIATES, a Colorado joint venture, Appellant,**

v.

**METRO NORTH STATE BANK, Respondent.**

**Civ. A. No. 89–N–2211.**

United States District Court, D. Colorado.

Feb. 16, 1990.

E. Warren Goss, III, Boulder, Colo., for appellant.

Barry J. Weinert, Lewis & Weinert, Denver, Colo., Jonathan A. Margolies, Kansas City, Mo., for appellee.

## OPINION AND ORDER

NOTTINGHAM, District Judge.

This matter is before the court on Drislor Associates' motion for a stay pending appeal of a bankruptcy court order. The order granted a secured creditor, Metro North State Bank (the "Bank"), relief from the automatic stay imposed by 11 U.S.C.A. § 362(a) (West Supp.1989) and thus permitted the Bank to foreclose on real property which constitutes the principal income-producing asset of Drislor Associates. After conducting a hearing, the bankruptcy court entered an order granting the Bank relief from stay. Debtor then filed both a Notice of Appeal in this court and, in the bankruptcy court, a motion to stay its order. After holding another hearing, the bankruptcy court denied the debtor's request for a stay of its order.

On January 18, 1990, Debtor filed in this court its Motion for Expedited Review and Stay of Bankruptcy Order Pending Appeal. Debtor's motion requested that this court stay the bankruptcy court's order pending resolution of the appeal by this court. The motion to stay the bankruptcy court's order was heard on January 25, 1990. At the conclusion of the hearing, I orally denied the motion and indicated that I would supply written reasons for the ruling.

▪ Debtor's motion is properly before the court because the order granting relief from stay is final for purposes of appeal. *See In re Sun Valley Foods Co.*, 801 F.2d

186, 190 (6th Cir.1986); *In re Boomgarden,* 780 F.2d 657, 659–60 (7th Cir.1985). I deny debtor's motion because debtor has failed to: (1) comply with Bankruptcy Rule 8005; (2) demonstrate that it will suffer irreparable harm if the stay is denied; and (3) demonstrate that it is likely to prevail on the merits of its appeal.

Debtor's motion fails to comply with Bankruptcy Rule 8005, which provides that: "[a] motion for [stay of the order of a bankruptcy judge] ... may be made to the district court ... but the motion shall show why the relief ... was not obtained from the bankruptcy judge." Bankr.Rule 8005, 11 U.S.C.A. (West Supp.1989). Debtor's motion fails to show that debtor had applied to the bankruptcy court for a stay before seeking similar relief in this court or to indicate the reasons why the bankruptcy court denied its application for stay.

■■■ The Bank cites *In re Duncan,* 107 B.R. 758 (W.D.Okla.1989), in support of its contention that failure to comply with rule 8005 is a sufficient reason for dismissal. The court in *Duncan,* however, denied a debtor's application for a stay *both* for failure to comply with rule 8005, *and* for failure to meet the other prerequisites for a stay, including a failure to show that debtor was likely to succeed upon appeal. Debtor's motion here is likewise denied both because debtor has failed to comply with rule 8005 and because it has failed to satisfy the other prerequisites for a stay.

To receive a stay, debtor must show that:

1. it is likely to succeed on the merits of its appeal;

2. it will suffer irreparable injury if the stay is denied;

3. the harm suffered by debtor outweighs the potential injury to the Bank if the stay were granted; and

4. the stay would be in the public interest.

*See, e.g., In re Howley,* 38 B.R. 314, 315 (Bankr.D.Minn.1984); *In re Richardson,* 15 B.R. 930, 931 (Bankr.E.D.Pa.1981). Debtor has failed to show either irreparable injury or a likelihood of success on the merits.

■■ Debtor will not suffer irreparable injury in the absence of a stay because it has adequate remedies at law. Although debtor contends that it may lose its purported equity in the property, this is an monetary injury that is by its nature not irreparable. *See In re Asheville Bldg. Assocs.,* 93 B.R. 920, 923 (W.D.N.C.1988). Also, debtor has commenced a lender liability lawsuit against the Bank in the United States District Court for the District of Colorado seeking monetary damages arising from the loan which is secured by the property upon which the Bank proposes to foreclose. The potential recovery of monetary damages in that lawsuit provides debtor with an additional adequate remedy at law. Accordingly, I find that debtor has not shown that it will suffer irreparable injury if the stay is denied.

Debtor has also failed to show that it is likely to succeed on appeal. Debtor contends that the issue on appeal will be whether the bankruptcy court erred in granting the Bank relief from stay "at a preliminary hearing ... *where no evidence could be presented* under the terms of Judge Matheson's Procedural Order." Debtor's Statement of Issues to be Presented Upon Appeal.* (Emphasis supplied.) At the hearing in this court, debt-

---

* The pertinent portions of the bankruptcy court's procedural order provide that, at initial hearings on motions for relief from stay:

1. No witnesses will be examined and no testimony taken....
2. In lieu of testimony, counsel intending or desiring to present evidence will do so by way of oral declaration of facts. Such declaration shall be limited to a description of the evidence which counsel would submit in sufficient detail to enable the court to make specific findings based thereon, and will include the identity of the witnesses who would be available at an evidentiary hearing to present such testimony....
3. If exhibits are to be presented, they will be pre-marked and a marked copy will be presented to opposing counsel at the time of or before the commencement of the hearing....

The procedural order then provides that, based on the matters presented, the court may treat this initial hearing as a preliminary hearing and, if required by 11 U.S.C. § 362(e), set the matter over for a final hearing.

or's counsel argued that the order itself deprived debtor of procedural due process.

■ The Bankruptcy Code, its legislative history, and the case law addressing the issue all indicate that the bankruptcy court was not required to hold an evidentiary hearing before granting relief from stay. The notice and hearing contemplated by 11 U.S.C.A. § 362(d) (West Supp.1989) is defined as "such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C.A. § 102(1)(A) (West 1979). "Congress intended that hearings under Section 362 should be expedited, summary proceedings. *See* H.Rep. No. 595, 95th Cong., 2d Sess. 343–344, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6299–6300." *In re Regency Woods Apts., Ltd,* 686 F.2d 899, 902 (11th Cir. 1982). That intent is clearly reflected in the wording and structure of sections 362(d) through 362(g), the provisions governing motions for relief from automatic stay. Unless the bankruptcy court acts within 30 days, the stay is automatically terminated. 11 U.S.C.A. § 362(e); *In re Looney,* 823 F.2d 788, 792 (4th Cir.1987). In certain cases, this period can be effectively extended for an additional 30 days, but only if the court holds a preliminary hearing within the first 30 days and orders the stay continued on a finding that the party opposing relief from stay is reasonably likely to prevail at the final hearing. *Id.*

The bankruptcy court's procedural order is consistent with the intent of section 362 and does afford "such opportunity for a hearing as [was] appropriate in [these] circumstances." *See* 11 U.S.C.A. § 102(1)(A). The order permits all parties to introduce exhibits, and the court did not reject any exhibits which debtor offered here. The order excludes live testimony by witnesses, under oath, at the *initial* hearing on the motion for relief and instead effectively requires the lawyers to make detailed offers of proof. This is consistent with Congressional intent that proceedings on applications for relief from stay should be summary and expedited. The opportunity for the parties to be heard is also "appropriate in the particular circumstances," so long as the court is assuming the truth of what is offered and not attempting to resolve issues on conflicting offers of proof. Here, the record reveals that the court did assume the truth of what the debtor offered and did not limit debtor's offer of proof. It simply concluded that debtor's exhibits and offer of proof, if true, would not be sufficient to justify continuation of the stay.

■ Although debtor implies that the bankruptcy court's procedural order and the underlying statute somehow deprive it of due process by failing to *require* an evidentiary hearing, it does not develop that argument or cite any authority. Generally, procedural due process requires that a person have adequate notice and "some kind of hearing ... at some time before [the] person is finally deprived of his property interests." *Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) (*dictum*); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Fin. Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Consideration of what due process requires under any given set of circumstances "must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Cafeteria & Restaurant Workers v. McElroy,* 367 U.S. 886, 895, 81 S.Ct. 1743, 1748–49, 6 L.Ed.2d 1230 (1961).

■ Specifically, in the context of the Bankruptcy Code's provisions for automatic stays and relief from those stays, it is apparent that section 362 does not deprive the debtor or any other party of property interests. It merely suspends proceedings to determine or enforce those interests, and it is these separate proceedings which embody the parties' due process rights. An order granting relief from stay merely leaves the parties in the positions they occupied before the debtor was placed in bankruptcy. Likewise, an order refusing relief simply keeps these other proceedings in suspension. Given the nature of the stay and the minimal real effect of an order

granting relief from stay, then, the hearing required by sections 362(d) through 362(g) may be summary and expedited. A full evidentiary hearing is not constitutionally necessary in every case, and, for the reasons stated earlier, it was not necessary in this case. *See In re Boomgarden*, 780 F.2d 657, 662 (7th Cir.1985); *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir.1987).

Although it did not so contend in its statement of the issues to be presented on appeal, debtor now argues that the proffers and exhibits before the bankruptcy court did not support the court's order granting the Bank relief from section 362(a)'s automatic stay provisions. Section 362(d) of the Bankruptcy Code, however, permits the bankruptcy court to grant relief from stay:

(1) *for cause*, including the lack of adequate protection of an interest in property ...; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C.A. § 362(d) (emphasis supplied).

■ The material before the bankruptcy court supported relief from stay under either subsection (1) or subsection (2). On the issue of debtor's equity in the property, the Bank proffered current appraisal testimony to demonstrate a lack of equity, while debtor proffered appraisals which were three years old. Debtor claimed the existence of a current appraisal but did not produce it at the hearing in bankruptcy court. The court could thus properly conclude that "the debtor [did] not have an equity" in the property. On the issue of whether the property was necessary for an effective reorganization, as to which the debtor had the burden of proof (11 U.S.C.A. § 362[g][2] [West 1979]), the debtor claimed that it possessed documents (for example, a budget) which demonstrated that it could effectively reorganize, but it did not produce them. The court thus concluded, based partly upon judicially-noticed materials filed in an earlier bankruptcy by debtor's sole remaining joint venturer, that there was no realistic possibility of reorganization.

There was also sufficient evidence to justify relief "for cause" under section 362(d)(1). The court found that debtor's bankruptcy filing, which occurred on the eve of the Bank's foreclosure proceedings against the property, was undertaken in bad faith for the purpose of obstructing the foreclosure. This finding rested partly on a prior bankruptcy proceeding by debtor's sole remaining joint venturer, Naytec Corporation. During the prior bankruptcy, Naytec and the Bank agreed to a stipulated order under which the automatic stay of the Bank's prior foreclosure action (against the same property involved here) would remain in effect so long as Naytec and debtor did not default in performing the terms of the stipulated order. Naytec's petition was subsequently dismissed—some five months before debtor filed this petition. Again, Naytec and debtor defaulted. The prior filing (which stayed the Bank's prior efforts to foreclosure on the same property at issue here), the timing of the current filing on the eve of foreclosure, and the circumstance that this property is debtor's principal income-producing asset all tend to support the bankruptcy court's conclusion that the current petition was filed in bad faith.

The bankruptcy court's decision to lift the stay is committed to its discretion. Unless the court abused its discretion, this court will not disturb the bankruptcy court's ruling. *See Pursifull v. Eakin*, 814 F.2d at 1504. Based on the record outlined herein and the arguments of the parties, the bankruptcy court appears to have acted within its discretion in granting relief from stay. It is thus unlikely that debtor will succeed on the merits of this appeal.

Accordingly, debtor's motion is DENIED.