**In re F. Dale CRABTREE, an individual, Debtor.**

**In re Linda Catherine CRABTREE, an individual, Debtor.**

Bankruptcy Nos. 87–09110–TS, 87–09112–TS.

No. CIV–90–490–A.

United States District Court, W.D. Oklahoma.

April 16, 1990.

Richard Bailey, Janice C. Loyd, McClelland Collins Bailey Bailey & Bellingham, Oklahoma City, Okl., for debtors.

Edward O. Lee & Collier H. Pate, Oklahoma City, Okl., for appellant, City Bank & Trust, OKC.

Brooke Murphy, Crowe & Dunlevy, Oklahoma City, Okl., for Campbell Group.

Jackie L. Hill, Jr., Hastie & Kirschner, Oklahoma City, Okl., for Bobbie Bayless, Trustee.

Mark B. Toffoli, U.S. Trustee's Office, Oklahoma City, Okl.

ORDER

ALLEY, District Judge.

This matter is presently before the Court on the motion for stay pending appeal of secured creditor City Bank & Trust (City Bank), pursuant to Bankruptcy Rule 8005. City Bank moved the bankruptcy court for a stay in the first instance, but the motion was denied by order dated 16 March 1990. Having carefully considered the briefs and other pertinent materials, the Court concludes that City Bank's motion for stay cannot be sustained.

■ City Bank appeals from an order of the bankruptcy court dated 14 March 1990, which determined the amount of City Bank's secured claim under 11 U.S.C. § 506(b) and provided for the Trustee's disbursement of proceeds from the sale of collateral, and in particular, proceeds from the sale of debtors' Avondale residence. City Bank's motion for stay is designed to bar this disbursement. To prevail on its motion, City Bank must establish four factors: (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury without a stay; (3) that no substantial harm to other interested persons will result from granting a stay; and (4) that the issuance of a stay is not contrary to the public interest. *See In re Porter,* 54 B.R. 81, 82 (Bankr.N.D.Okla.1985); *In re Candor Diamond Corp.,* 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983). At least as to the first and fourth factors, City Bank's showing is inadequate.

In determining the amount of City Bank's secured claim, the bankruptcy court undertook separate inquiries as to the amount owing to City Bank on a promissory note executed by the debtors in principal, interest, and attorney fees, and con-

cluded that City Bank was only entitled to recover roughly 61 per cent of its requested amount. As to principal, the reduction was attributable to the bankruptcy court's ruling that an agreement between City Bank and the debtors providing for the application of a portion of debtors' loan payments to items other than principal and interest (*e.g.,* City Bank's attorney fees) was void because it permitted a transfer of assets by debtors that was unlawful under a state court injunction. As to interest, the bankruptcy court disallowed City Bank's request for a default rate of interest on the ground that it was estopped by its delay in demanding such interest.[1] Lastly, as to attorney fees, the bankruptcy court ruled that City Bank could not recover as "reasonable costs of collection" under the promissory note pre-petition attorney fees, as the debtors' default on the note occurred post-petition, nor could City Bank recover attorney fees incurred in overcautious measures designed to protect its collateral interest or in collection measures as to related, but distinct, loans.

The Court concludes that City Bank is unlikely to succeed in its challenge to the bankruptcy court's determination of its secured claim because this determination is largely dependent on factual findings subject to a deferential, clearly erroneous standard of review. *See generally In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987). On the question of principal, City Bank does not seem to dispute that the agreement as to application of loan payments amounted to a transfer of assets by the debtors. To the extent that City Bank's knowledge of the state court injunction is a factor bearing on the unlawfulness of the agreement, the bankruptcy judge tacitly determined this issue of fact against City Bank. Whether particular circumstances give rise to an estoppel, moreover, is ordinarily a question of fact, not law. *See* 28 Am.

Jur.2d *Estoppel and Waiver* § 149 (1966). Lastly, in deciding the attorney fees question, the bankruptcy court had to assign weight to conflicting testimony of City Bank's expert and the Trustee—such weighing of testimony is ordinarily the province of the trier of fact, the bankruptcy court. *See* 30 Am.Jur.2d *Evidence* § 1082 (1967). Accordingly, City Bank's showing as to the first factor of the stay test is inadequate.

As for the fourth factor, the Court accepts the general proposition that, in private disputes, the public interest is "generally served by moving forward." *Porter,* 54 B.R. at 82. On these facts, City Bank's argument for a stay is unpersuasive. City Bank asserts that the issues raised by its appeal (such as the propriety of disallowing default interest under section 506(b)) implicate matters of public concern and, yet, absent a stay its appeal may be mooted by the disbursement of sales proceeds. However, the Court does not find this to be one of those cases where "[a]s a practical matter" a stay is necessary to preserve a movant's right to appeal. 9 L. King, *Collier on Bankruptcy* ¶ 8005.3, at 8005–3 (1989). The recipients of the proceeds are parties to City Bank's appeal and thus, in the event of a reversal, the Court may enter relief as to them. *Cf. In re Royal Properties, Inc.,* 621 F.2d 984, 986–87 (9th Cir.1980) (dismissing appeal as moot, where property of bankrupt corporation at issue already sold to persons not parties to the appeal). Moreover, unlike some cases where the order appealed from authorizes complex financial transactions, effective relief is possible here if the Court reverses the bankruptcy court's decision, that is, the disbursement of sales proceeds can be undone. *See In re Overmyer,* 53 B.R. 952, 956 (Bankr.S.D.N.Y.1985); *cf. In re Robert Farms, Inc.,* 652 F.2d 793, 797 (9th Cir.

---

1. Alternatively, the bankruptcy court ruled that default interest was not available on these facts under 11 U.S.C. § 506(b), relying on *In re W.S. Sheppley & Co.,* 62 B.R. 271 (Bankr.N.D.Iowa 1986). There is a split of authority as to whether certain circumstances permit the disallowance under section 506(b) of contractual default interest and no Tenth Circuit decision addresses

the subject. At least in deciding City Bank's motion to stay, the Court need not pass on the statutory propriety of disallowing such interest. However, as City Bank seems to concede, the split of authority on this issue offers City Bank little support in satisfying the first factor of the stay test.

1981) (dismissing appeal of order authorizing corporate reorganization as moot, where in the event of reversal "it is impossible to fashion effective relief for all concerned"). On the fourth factor, then, City Bank's showing also fails. The motion for stay pending appeal is accordingly DENIED.