**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

IN RE:  FREMONT SHEEP
COMPANY, a Wyoming corporation,

Debtor,

FARM CREDIT SERVICES OF THE
MIDLANDS, PCA,

       Appellant,

v.

FREMONT SHEEP CORPORATION,
a Wyoming Corporation,

       Appellee.

No.  96-8010
(D.C. No. 95-MC-58)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Creditor Farm Credit Services of the Midlands, PCA, appeals the district court's denial of a stay pending appeal of the confirmation of debtor Fremont Sheep Corporation's Chapter 11 reorganization plan. Because the district court did not abuse its discretion in denying the stay, we affirm.

On November 13, 1995, the bankruptcy court entered an order confirming debtor's reorganization plan in its second bankruptcy proceeding. Creditor filed a notice of appeal, and moved the bankruptcy court for a stay of the confirmation order pending appeal, which was denied. Creditor then sought a stay pending appeal in the district court, pursuant to Bankruptcy Rule 8005. The district court denied the stay, and this appeal followed.

Before addressing the merits of this case, we are obligated to examine the basis for our jurisdiction. Title 28 U.S.C. § 1292(a)(1) authorizes us to review "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions." "The term 'injunction' . . . is not to be read narrowly but includes all equitable decrees compelling obedience under the threat of contempt." Consumers Gas & Oil, Inc.

-2-

v. Farmland Indus., Inc., 84 F.3d 367, 370 (10th Cir. 1996) (quotations omitted). Here, the stay, had it been granted, would have enjoined implementation of the reorganization plan pending appeal, conveying with it the threat of sanctions. Further, as the stay would have halted proceedings in a court other than the court from which it issued, it would have been an "injunction" within the meaning of 28 U.S.C. § 1292(a)(1). See Castanho v. Jackson Marine, Inc., 650 F.2d 546, 548 (5th Cir. 1981) (holding "[i]f a district court acts to halt proceedings in *another* court, its action is indeed an injunction within the meaning of section 1292(a)(1)") (emphasis in original). We have jurisdiction, therefore, to review the district court's denial of the stay pending appeal. See Rochman v. Northeast Utils. Serv. Group (In re Public Serv. Co.), 963 F.2d 469, 472 & n.9 (1st Cir. 1992) (noting § 1292 would have provided jurisdiction for interlocutory appeal from denial of, or inaction on, motion for stay pending appeal of confirmation order).

Creditor argues that the district court erred in not issuing the stay under either (1) the mandatory provisions of Federal Rule of Civil Procedure 62(d), as adopted by Federal Rule of Bankruptcy Procedure 7062, or (2) the discretionary provisions of Federal Rule of Bankruptcy Procedure 8005. The record does not demonstrate, however, that creditor raised its argument regarding Rule 62(d) to the district court. Creditor's motion for a stay cited only to Bankruptcy Rule

8005, and its supporting brief argued only that it satisfied the four-pronged test for a stay under Rule 8005. See Appellant's App. at 9-25. Nowhere did creditor mention Rule 62(d) as authority for its motion or argue that its offer of a supersedeas bond entitled it to a stay as a matter of right. Moreover, after the district court denied the stay under Rule 8005, creditor did not file a motion bringing to the court's attention its alleged failure to rule on creditor's entitlement to a stay under Rule 62(d). Because creditor's entitlement to a mandatory stay was not raised or preserved before the district court, we will not address it for the first time on appeal. See, e.g., Kenworthy v. Conoco, Inc., 979 F.2d 1462, 1468 (10th Cir. 1992); United States v. Donnes, 947 F.2d 1430, 1434 n.6 (10th Cir. 1991).

We review the district court's denial of creditor's motion for an abuse of discretion. See Aberdeen & Rockfish R.R. v. Students Challenging Regulatory Agency Procedures (SCRAP), 409 U.S. 1207, 1218 (1972) (reviewing denial of stay pending appeal by three-judge panel for abuse of discretion); Beverly v. United States, 468 F.2d 732, 740 n.13 (5th Cir. 1972) (holding denial of stay pending appeal reviewed for abuse of discretion). To obtain a stay pending appeal, a party must establish the following: (1) a strong likelihood of success on the merits; (2) a threat of irreparable injury absent a stay; (3) no danger of substantial injury to the other parties if the stay is granted; and (4) issuance of a

stay is not contrary to the public interest.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); In re Crabtree, 113 B.R. 723, 723 (W.D. Okla. 1990).

Here, the district court concluded that creditor had not shown a strong likelihood of success on appeal because the appeal challenges factual findings subject to the clearly erroneous standard of review.  We perceive no abuse of discretion in this conclusion.  To prevail on appeal, creditor must demonstrate clear error in one of the following factual findings by the bankruptcy court:  that debtor's case and plan were filed in good faith; that the reorganization plan is feasible; that debtor is not in default; that the plan does not unfairly discriminate against creditor; or that creditor will receive the indubitable equivalent of its claim.  Based on the record provided to us, creditor has not shown a strong likelihood that any of these findings is so unsupported by the evidence that it will be reversed on appeal.  This is especially true in light of the fact that creditor will receive the exact amounts, on the exact dates, that it was scheduled to receive under the 1988 reorganization plan.  The district court, therefore, did not abuse its discretion in denying creditor's motion for a stay pending appeal.  See, e.g., Hunt v. Bankers Trust Co., 799 F.2d 1060, 1067 (5th Cir. 1986) (holding stay pending appeal not warranted because movant failed to show likelihood that district court's factual findings would be set aside as clearly erroneous); Green Point Bank v. Treston, 188 B.R. 9, 12 (S.D.N.Y. 1995) (denying stay pending appeal

because debtor had not shown likelihood of success on appeal based on failure to show clear error in bankruptcy court's factual findings).

The order of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge