**In re Carl H. NEUMAN, d/b/a Lydia E. Hall Hospital, Syossett Hospital and Long Island Food Company, Debtor.**

Nos. 86 Civ. 7915 (RWS), 86 Civ. 7920 (RWS), 86 Civ. 7921 (RWS) and 86 Civ. 8230 (RWS).

United States District Court, S.D. New York.

Nov. 6, 1986.

As Amended Nov. 17, 1986.

Garrity, Connolly, Lewis, Lowry, Grimes & Silverman, New York City, for James L. Garrity, Chapter 11 Trustee; Paul H. Silverman, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., New York City, for U.S. Dept. of Health & Human Services; Nancy Kilson, Asst. U.S. Atty., of counsel.

Solomon, Green & Ostrow, New York City, for Edward Leffler.

Lola Lee, New York City, Special Counsel to Carl Neuman.

## OPINION

SWEET, District Judge.

Related appeals from orders of the bankruptcy court dated August 22, October 2, and October 20, 1986 have been filed and debtor Carl H. Neuman ("Neuman") has moved by order to show cause for a stay of the effectiveness of the October 20 order pending appeal to this court of that order. Chapter 11 Trustee James L. Garrity ("Garrity") has moved the court to dismiss the August 22, 1986 appeals as moot and to adopt the October 20 order. For the reasons stated below, the October 20 order is hereby vacated, the August 22 order is vacated in part, and the remaining matters on the appeals from the August 22 order are remanded to the bankruptcy court for further determination in accordance with this opinion.

Commencing in the late 1960's and during the 1970's, Neuman created several health care institutions, among them The Sarah R. Neuman Nursing Home ("SRN"). Although Neuman held the operating certificate, Edward Leffler ("Leffler") was the executive director of SRN in charge of the day-to-day operations. On September 23, 1984, Neuman and Leffler executed a contract of sale for SRN which provided for an immediate transfer of title and stated that if approval for the issuance of a new operating certificate to Leffler were not obtained by September 30, 1986 the agreement would terminate.

On December 11, 1984, Neuman filed a petition under Chapter 11 of the Bankruptcy Code. After various proceedings before the bankruptcy court, the court appointed Garrity, a bankruptcy lawyer, as Chapter 11 Trustee on March 18, 1986. Leffler continued in charge of the day-to-day operations of SRN.

On August 20 Garrity obtained an *ex parte* order from the bankruptcy court granting him control of the operations of SRN, based upon a letter from the New York State Department of Health, obtained *ex parte*, stating that his status as trustee would permit him to act as receiver pursuant to New York Public Health Law § 2810. After a hearing on August 22, the bankruptcy court partially vacated that order and, in recognition of Leffler's rights as contract vendee, directed that Garrity and Leffler share joint control of SRN and reserved operational responsibilities to Leffler. Garrity appealed from the August 22 order, *see* 86 Civ. 7915, and Leffler and Neuman cross-appealed, *see* 86 Civ. 7920; 86 Civ. 7921.

Neuman subsequently commenced an action in the Supreme Court, County of Albany, for a determination of his rights under the operating certificate. On a contempt motion before the bankruptcy court, the court enjoined the state court proceedings on the grounds that they required a finding as to what is property of the estate of the debtor. *See* Order of October 2, 1986. That order has also been appealed but that appeal has not been perfected.

Based on the expiration of Leffler's contract on September 30, 1986, and Leffler's resulting loss of possessory and manage-

rial rights with respect to SRN, the bankruptcy court on October 20 ordered that Leffler relinquish control of the operations of SRN and that Garrity "take sole possession and control of SRN and its operations...." On October 27, Neuman petitioned this court by order to show cause to stay enforcement of the October 20 order pending appeal to this court from that order. At a conference at which counsel for Garrity, Leffler, Neuman and the United States were present, the request for a temporary restraining order was denied, and a hearing was scheduled for October 29. It was agreed by all parties that motions on the appeals from the August 22 order, previously returnable on November 7, would be heard at the same time.

The following findings and conclusions are based on that hearing and memoranda and affidavits submitted in connection therewith.

With respect to the requested stay of the October 20 order, this court concludes that the bankruptcy court was without jurisdiction to issue the October 20 order and on its own motion dismisses the appeal from that order. It is well-settled that the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Similarly, the taking of an appeal from a bankruptcy court to a district court normally deprives the bankruptcy court of jurisdiction over matters involved in the appeal. *See Re Bialac*, 694 F.2d 625, 627 (9th Cir. 1982); *Re Crozier Bros., Inc.*, 60 B.R. 683 (S.D.N.Y.1986); *Re Emergency Beacon Corp.*, 58 B.R. 399 (S.D.N.Y.1986).

While courts have recognized an exception to this rule where action by the lower court is necessary to preserve the *status quo* as of the time of the appeal, *see Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir.1962); *McClatchey*

*Newspapers v. Central Valley Typographical Union*, 686 F.2d 731, 734–35 (9th Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982), the October 20 order does not fall within that exception. That order did not preserve the *status quo*, that is, the grant of joint control to Garrity and Leffler, but granted Garrity sole control of the operations of SRN. Although Leffler's contract rights expired on September 30, the proper forum for relief from the August 22 order was the district court. The October 20 order is therefore vacated as having been entered without jurisdiction.[1]

Garrity has moved to dismiss the appeals from the August 22 order as moot based on the October 20 order and the change of Leffler's status. On the basis of undisputed facts presented on the instant motions, that part of the order granting Leffler joint control and operational responsibilities in recognition of the uncertainty as to Leffler's possessory and managerial rights by virtue of his contact with Neuman is vacated. It is undisputed that Leffler's contractual right to purchase SRN expired on September 30. Since the bankruptcy court had, by order of September 26, denied an extension of that contract right, which order has not been appealed, Leffler no longer has any right by virtue of the contract to remain in possession or control of SRN or its operations. Because of the change in circumstances with respect to Leffler, that part of the order granting Leffler such rights is vacated on Garrity's motion as moot.

The appeals from the August 22 order are hereby remanded to the bankruptcy court to determine whether the trustee is authorized under New York Public Health Law § 2810 to operate SRN and whether Neuman has any continuing rights under the certificate of operation.

IT IS SO ORDERED.

---

1. In light of this conclusion, Garrity's motion to adopt the October 20 order is denied.