**In re Mylene LIGGETT, Debtor.**

**Bankruptcy No. 90–B–10413.**

United States Bankruptcy Court,
S.D. New York.

July 17, 1990.

Paul I. Freedman, New York City, for debtor.

Thomas G. McGowan, Rivkin, Radler, Bayh, Hart & Kremer, Uniondale, N.Y., for Bank Leumi Trust Co. of New York and EOR One of Manhattan, Inc.

## MEMORANDUM DECISION AND ORDER DENYING STAY PENDING APPEAL

PRUDENCE B. ABRAM, Bankruptcy Judge.

The Debtor seeks from this court a stay pending appeal from this court's memorandum decision of July 12, 1990 and accompanying order which lifted the automatic stay. As familiarity with that decision is assumed, this court will not restate the facts set forth there and will use all terms defined there hereafter for consistency.

Counsel for the Debtor advises that enforcement of the Possession Order is imminent. Orders lifting the automatic stay are immediately enforceable and there is no automatic 10 day stay of enforcement. See Bankruptcy Rule 7062.

Under Bankruptcy Rule 8005, an application for a stay pending appeal ordinarily is to be made in the first instance to the bankruptcy court, but the request may also be made to the District Court. This court has been informed that on July 13, 1990 the Debtor sought to obtain a stay pending appeal from the District Court but that the application was denied by the District

Court (D.J. Wood). In seeking a stay from the Bankruptcy Court after being unable to obtain one from the District Court, counsel for the Debtor asserts that he just learned of a critical additional fact and of the availability to the Debtor of a cause of action under Bankruptcy Code § 548(a)(2)(A) and that these issues were therefore not raised in the District Court.

The new fact is that on or about June 4, 1990, another deed to the Riverview Property was recorded. The deed, which was reviewed by the court at the hearing (a copy of the deed was attached to the opinion as originally issued but has been deleted for the purposes of publication), is dated December 7, 1989 and runs from JJ & P to the Debtor and her husband. At the top of the deed it states "Correction Deed–Reverting to Grantees". At the time of the date on the deed, JJ & P was a debtor in possession in its own Chapter 11 case. No reason is offered as to why this deed was not recorded prior to the filing of the Debtor's present Chapter 11 petition nor is any explanation offered other than counsel's lack of awareness of the document as to why no mention was made of this deed at any earlier time during this case.

■ The standards for the grant of a stay pending appeal are those governing the grant of an injunction.[1] See *Sandra Cotton, Inc. v. Bank of New York,* 64 B.R. 262, 263 (D.C.W.D.N.Y.1986). In order to grant a stay pending appeal it is necessary for the court to consider (1) the likelihood that the party seeking the stay will prevail, (2) the prospect of irreparable injury to the moving party which might result without the stay, (3) the relative certainty that no substantial harm would come to others if the stay were issued, and (4) the relative absence of harm to the public interest if the stay were granted. See *Sandra Cotton,* 64 B.R. at 263.

As to the first element, likelihood of success on the merits, Counsel for the Debtor urges in its motion papers that the Foreclosure Sale was not conducted in accordance with the requirements of the New York Civil Practice Law and Rules and in particular CPLR § 5236. Counsel for Bank Leumi and EOR deny that this provision is applicable. It is their position that the section applies only to judgment lien sales and that as a foreclosure sale the Foreclosure Sale was governed by Real Property Actions & Proceedings Law § 231. They further urge that this argument was previously made by the Debtor and rejected in the state court.

■ The bankruptcy court is not the appropriate forum for this Debtor to bring a collateral attack on the facial validity of the Foreclosure Sale. In addition, the Debtor has already had the opportunity to litigate these issues in the State Court in the litigation respecting the issuance of the Possession Order. This court sees little prospect for success on the merits on this line of argument.

■ It is also urged that this court did not consider because the point was not raised the Debtor's assertion that the Foreclosure Sale is a fraudulent conveyance that can be avoided under Bankruptcy Code § 548. It is apparent that the Debtor seeks to avoid the Foreclosure Sale for the primary purpose of preventing her eviction from the Riverview Premises. In support of her position, the Debtor has cited the court to *In re Frank,* 39 B.R. 166 (Bankr. E.D.N.Y.1984) in which the Bankruptcy Court set aside a foreclosure sale as a fraudulent conveyance under Code § 548 based on a finding of an inadequate price paid at the foreclosure sale. Reliance is also placed on *In re Bundles,* 856 F.2d 815 (7th Cir.1988) in which the court held the bankruptcy court should not have irrebuttably presumed the price paid at a foreclosure sale provided reasonably equivalent value.[2] The *Frank* court relied heavily on

---

**1.** Solely for ease, this court has determined to treat the request for the stay without reference to the prior request to the District Court. However, this court harbors significant doubt as to the procedural propriety of requesting a stay from the Bankruptcy Court after the District Court has denied such a request.

**2.** The Debtor points to the $50,000 bid at the Foreclosure Sale by Bank Leumi as evidence of the facial sufficiency of its § 548 claim that the

two Fifth Circuit decisions, *Durrett v. Washington National Insurance Co.*, 621 F.2d 201 (1980) and *Abramson v. Lakewood Bank & Trust Co.*, 647 F.2d 547 (1981). The *Frank* court also discussed the Ninth Circuit's decision in *In re Madrid*, 725 F.2d 1197 (9th Cir.1984).

Whether or not this court follows *Durrett, Bundles* or *Madrid* this court rates the Debtor's probability of success on setting aside the Foreclosure Sale on the basis of Bankruptcy Code § 548 as virtually nonexistent. In the first instance, at the time of the Foreclosure Sale the Debtor was not the owner of record of the Riverview Property and it is entirely unclear that the Debtor actually had any interest in the Riverview Premises at that time. The newly presented deed does nothing to clarify the facts. Indeed, it is suggestive that the bankruptcy process has been or is being manipulated.

■ Secondly, it is well settled in the Second Circuit, that avoiding powers may be exercised by a debtor in possession only for the benefit of creditors, and not for the benefit of the debtor itself. See *In re Whiteford Plastics Co.*, 179 F.2d 582 (2nd Cir.1950) and *In re Vintero Corporation*, 735 F.2d 740 (2nd Cir.1984). See also *In re Martin Custom Made Tires Corporation*, 108 F.2d 172 (2nd Cir.1939) and *In re Join-In International (U.S.A.) Ltd.*, 56 B.R. 555, 560–61 (Bankr.S.D.N.Y.1986).

■ Counsel also urges that this court has not given due consideration to various affidavits from accountants which purport to show that the indebtedness that Bank Leumi seeks to collect was either repaid or never due to begin with. These affidavits were presented to the state courts and the fixing of the indebtedness due on a mortgage is an essential element of a foreclosure action. Thus, it appears that this issue has already been decided adversely to the Debtor. In sum, this court does not find that the Debtor has a likelihood of success on the merits on any of the issues raised.

■ As to the second element that must be found before a stay pending appeal could be granted, the court finds no irreparable harm to the Debtor since any injury to any equity the Debtor might be determined to have had in the Riverview Property should there be a finding that the Foreclosure Sale was invalid could be compensated by money damages.[3] Even if this court were to determine that imminent eviction of the Debtor from her home would be sufficient to find irreparable injury, that would not be sufficient to warrant the grant of a stay pending appeal in the absence of a finding of probable success on the merits and the other required elements.

■ The third element looks to harm to the party opposing the stay. It is evident that EOR One will suffer harm if it is

---

price paid rendered the foreclosure sale voidable as a fraudulent conveyance. The Riverview Property is admittedly worth significantly in excess of $50,000. Various appraisals of the Riverview Property have been offered, with values ranging from $2 million upwards. The Debtor's counsel urges that the value in well over $4.5 million.

The court was advised by counsel for Bank Leumi and EOR at the hearing on the request for the stay pending appeal that Bank Leumi took title subject to $2.347 million in prior liens and that it was bidding on a judgment of over $1 million. See July 12 Opinion at page 118 B.R. 213, 216 with respect to the encumbrances on the Riverview Property. Unless the Riverview Property is worth more than $3.347 million ($2.347 million in prior liens plus $1 million of the foreclosed lien), the adequacy of the price would not appear to be material. If it were worth more than that, the adequacy of the price may not be relevant for any purpose other

than whether Bank Leumi may pursue deficiency judgments against the Debtor or her husband.

3. For the purpose of considering the request for a stay pending appeal, the court accepts that the Debtor, her seriously ill husband and minor child reside at 6 Riverview Terrace.

At the stay hearing, counsel for Bank Leumi and EOR offered a copy of a notarized affidavit apparently signed by the Debtor on June 6, 1990 which was filed in a litigation against the Debtor and Joseph pending in a state court in Florida in which the Debtor states that she and Joseph do not reside at the Riverview Property and have resided at 22 Whippany Road, Whippany, New Jersey 07981 since October 1, 1989. The Whippany Road address is the address given for JJ & P on the deed attached hereto. Westex, the Debtor's now bankrupt corporation, had an address on Whippany Road.

subject to further delay in obtaining possession of the Riverview Premises of which it is now the owner of record because it must bear the real estate taxes and insurance costs and it has been unable to sell the Riverview Premises before now due to its inability to enforce the Possession Order. Furthermore EOR has not been paid any use and occupancy by the Debtor for the Riverview Premises. While counsel for the Debtor professes a willingness to have the Debtor pay something, in the months this case has been pending no monies have been paid nor did the Debtor ever make payment for use and occupancy as directed by the state courts.

 Finally, the court must look to the public interest. The Bankruptcy Code contemplates that matters involving the automatic stay are to be decided with expedition. See Bankruptcy Code § 362(e). This Debtor has twice had the benefit of the automatic stay to prevent her eviction from the Riverview Premises despite the fact that she was not the owner of record of the Riverview Premises. The dispute the Debtor has with Bank Leumi has been extensively litigated in the state court over a number of years. Public policy favors finality in litigation. That policy would not be served by granting a stay pending appeal under the circumstances of this case.

The request for a stay pending appeal is therefore denied.

It is so ordered.