**In re Karen de KLEINMAN, Debtor.**

**Bankruptcy No. 91–B–11913.**

United States Bankruptcy Court, S.D. New York.

April 20, 1992.

Karen de Kleinman, pro se.

Zeichner, Ellman & Krause, New York City, for Citibank, N.A.

## MEMORANDUM DECISION DENYING REQUEST FOR HEARING DATE AND DENYING STAY PENDING APPEAL

PRUDENCE B. ABRAM, Bankruptcy Judge.

In light of the emergency perceived by the debtor, this Court is taking the unusual step of reducing to writing its reasons for declining to grant a telephonic request and subsequent written request for a motion date for an as-yet unfiled motion to vacate an order lifting the automatic stay under Federal Rule of Civil Procedure ("FRCP") 60(b). The court is treating the debtor's letter of April 1, 1992 (the "Letter") as a formal application for a return date on the proposed FRCP 60(b) motion and for a stay pending appeal. That application is also being denied for the reasons set forth below.

## BACKGROUND

On January 15, 1992 this Court issued an order (the "Order") with respect to a motion made by Citibank, N.A. ("Citibank") to lift the automatic stay so as to permit Citibank to foreclose against two condominium apartments, Units 26A and 39E, both located in Olympic Towers, 647 Fifth Avenue, New York, New York. *See In re de Kleinman,* 136 B.R. 74 (Bankr.S.D.N.Y. 1992) (*"de Kleinman II"*). This Court granted Citibank's motion with respect to Unit 26A (the "Apartment"), which is the residence of the debtor, Karen de Kleinman ("Debtor"). Unit 39E is not involved in the present matter. As familiarity with *de Kleinman II* is assumed, this Court will not restate the facts set forth therein.

The Debtor filed a notice of appeal from the Order to the District Court on or about January 24, 1992. In the notice of appeal the Debtor contends that the state court judgment of foreclosure and sale in favor of Citibank was obtained by actual fraud on the court which issued such judgment, because, *inter alia,* the mortgage and all claims for condominium common charges had been voided previously in another action. The notice of appeal also makes reference to a separate action for fraud and deceit that was commenced by the Debtor against Citibank and the condominium board and pending at the time of the Court's decision to lift the automatic stay. In conclusion, the notice of appeal states:

"In light of the above, (and particularly inasmuch as the sub[j]ect condominium,

Unit 26–A, is *debtor-in-possession's residence and place of business, based on equitable principles, until the validity* of Citibank's and its co-conspirator's purported claims and interest, *are fully adjudicated* in the above-mentioned FRAUD action (Index 310423/91), Citibank, N.A., is *NOT* entitled to any *favorable* relief from the 'automatic stay'; and conversely, the "DIP" is entitled to the *continued 'protective' provisions of Section 362, U.S. Bankruptcy Code."* (Emphasis in original).

The appeal remains pending.

In the Letter, the Debtor has sought a hearing date from this Court for a proposed motion to vacate the order lifting the automatic stay pursuant to FRCP 60(b) [1], on the grounds that the automatic stay was obtained by Citibank's practicing fraud on this Court, the Debtor in Possession and the Debtor's estate. The heart of the Debtor's fraud claim is that Citibank fraudulently concealed a material fact, namely the existence of a 1985 title insurance policy, which she alleges fully insured Citibank's mortgage on the Apartment. The Debtor urges that, "[o]bviously, if [Citibank's] mortgage has always been fully insured, it could not possibly be 'inadequately protected'." Letter at 3.

Attached to the Letter is a copy of a notice of sale which states that the Apartment will be offered for sale on May 8, 1992 at 9:00 a.m. at a public auction pursuant to the judgment of foreclosure.

At the time the Debtor telephonically requested a motion date, she was advised by the undersigned's law clerk that she would be required to proceed by way of order to show cause inasmuch as a question existed whether this court had the power to act in light of the pending appeal. The Debtor was referred to *In re Neuman,* 67 B.R. 99 (S.D.N.Y.1986), in which the District Court reversed this Court's decision modifying an order from which an appeal was pending in a personal Chapter 11 case.

**1.** Bankruptcy Rule 9024 provides that FRCP 60(b) applies in bankruptcy cases except in cer-

## DISCUSSION

### A. *FRCP 60(b)*

Turning first to that part of the Letter seeking relief under FRCP 60(b), the Court notes that the Debtor does not specify under what subdivision she moves, although it appears from the Letter that subdivisions (1) and (3) are most relevant to her case since she bases her claims on newly discovered information and fraud.

The Debtor requests that this Court reconsider the Order which is currently on appeal before the District Court. The United States Supreme Court has stated that "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). *See also Leonhard v. United States,* 633 F.2d 599, 609–10 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981) ("Once a proper appeal is taken, the district court may generally take action only in aid of the appeal or to correct clerical errors as allowed by the Federal Rules of Civil (or Criminal) Procedure.").

■ The "jurisdictional significance" of a pending appeal applies equally to bankruptcy courts. The filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with matters raised by such appeal. *In re Neuman,* 67 B.R. at 101. This divestment of jurisdiction preserves the integrity of the appellate process by avoiding the needless confusion which would flow from putting the same issue before two courts at once. *In re Charles & Lillian Brown's Hotel,* 93 B.R. 49, 51 (Bankr.S.D.N.Y.1988); *In re Emergency Beacon Corp.,* 58 B.R. 399, 402 (Bankr.S.D.N.Y.1986).

■ The traditional rule is that when an appeal is taken from the district court

tain circumstances not relevant to this matter.

the latter court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court. As a result, the district court is without power to grant relief under FRCP 60(b), whether the motion is made prior to or after the appeal is taken, except with permission of the appellate court. *Brown's Hotel,* 93 B.R. at 52 (citing 7 *Moore's Federal Practice* ¶ 60.30[2] at 60–331–2).

■ This district has consistently adhered to this traditional jurisdictional rule, *see Brown's Hotel,* 93 B.R. 49, *United States Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus., Inc.),* 76 B.R. 291 (Bankr.S.D.N.Y.1987), *In re Crozier Bros., Inc.,* 60 B.R. 683 (Bankr.S.D.N.Y. 1986), *Emergency Beacon Corp.,* 58 B.R. 399 (Bankr.S.D.N.Y.1986); *see also Weiss v. Hunna,* 312 F.2d 711 (2d Cir.), *cert. denied,* 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963), except on the rare occasion when action by the lower court is necessary to preserve the status quo as of the time of the appeal.[2] *Neuman,* 67 B.R. at 101. This Court does not find that the Order falls within such exception.

■ Because this court concludes that it lacks jurisdiction to grant relief under FRCP 60(b) with respect to the Order, the Debtor's request for a hearing date is denied.

### B. *Bankruptcy Rule 8005*

In the Letter, the Debtor also seeks relief pursuant to Bankruptcy Code § 105 for an injunction to stay the foreclosure sale. The penultimate paragraph of the Letter states:

"In the interests of judicial fair play, and in order to prevent a gross miscarriage of JUSTICE, I respectfully request that Your Honor enjoin Citibank from pursuing its scheduled foreclosure sale on May 8, 1992, (pursuant to Section 105 of the Code), that a prompt return date for my motion to vacate the prior judgment lifting the stay, be granted, sua sponte, and that proper 'discovery' be had in connection with the 'fraudulently concealed' Mortgagee's Insurance Policy." Letter at 5 (emphasis in original).

Notwithstanding the Debtor's reference to Bankruptcy Code § 105, this Court interprets the Debtor's request as one for a hearing on a stay pending appeal of the Order.[3]

Bankruptcy Rule 8005 provides in relevant part that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the [Bankruptcy] Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." An application for a stay pending appeal ordinarily is to be made in the first instance to the bankruptcy court. See Bankruptcy Rule 8005 ("A motion for such relief, or for modification or termination of relief granted by a bank-

---

**2.** For example, once a judgment is appealed, a district court may retain jurisdiction under specific statutory authority, *Davis v. United States,* 667 F.2d 822, 824 (9th Cir.1982); a district court may also act to assist the court of appeals in the exercise of its jurisdiction. *Id., see Securities & Exchange Comm'n v. Investors Security Corp.,* 560 F.2d 561, 568 (3d Cir.1977).

**3.** This Court declines to set a return date for a hearing on the Debtor's request for a stay. Local Bankruptcy Rule 13(i) states that "the judge may direct the parties to submit, and may determine motions without oral hearing." Bankruptcy Rule 9014 states that reasonable notice and an opportunity for a hearing shall be afforded the party against whom relief is sought. Since this court has determined to deny the Debtor's request, this court finds no necessity to afford Citicorp a hearing. Compare FRCP 78 ("[T]o expedite its business, the Court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.")

During the course of this case, the Debtor has left a voluminous paper trail. Since the Order was entered, the Court has received a series of letters from the Debtor requesting various forms of relief. Such letters have also been sent to counsel to Citibank. This Court has more than sufficient information to determine the application for a stay. Further, since the foreclosure sale is scheduled for May 8, 1992, the Court believes the most expeditious manner in which it can act so as to preserve the Debtor's right to request a stay from the District Court is to determine this application on submission and without oral argument.

ruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.") The Debtor has not previously sought a stay of the Order. This Court declines to stay the Order for the reasons set forth below.

■ The standards for the grant of a stay pending appeal are the same as those governing the grant of an injunction. *Sandra Cotton, Inc. v. Bank of New York*, 64 B.R. 262, 263 (W.D.N.Y.1986), *appeal dismissed*, 87 B.R. 272 (W.D.N.Y.1988), *In re Liggett*, 118 B.R. 219, 221 (Bankr.S.D.N.Y. 1990). To obtain such relief, the movant must establish (1) the strong likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be suffered by others if the stay is granted; and (4) what the harm to the public interest, if implicated, is. *Brown's Hotel*, 93 B.R. at 53; *Liggett*, 118 B.R. at 221. All four criteria must be satisfied before relief under Rule 8005 will be granted. *Brown's Hotel*, 93 B.R. at 53.

■ As to the first element, the Debtor has not established a strong likelihood of success on the merits. The Debtor claims to have received new information about the existence of a title insurance policy obtained by Citibank which covers the Apartment. However, this Court sees little prospect for success on the merits on this line of argument. First, the "new information" discovered by the Debtor simply supports the lifting of the automatic stay since it is an issue that the Debtor would have to litigate in the state courts. Second, as the Debtor's claim sounds in fraud she must show not only that she was unaware of the existence of the title insurance policy but also that she was unable to discover it. However, in a letter dated March 4, 1992 which was addressed to Citibank's counsel and which is attached to the Letter, the Debtor acknowledges that she paid the premium for that very title insurance policy on November 17, 1985 at the closing of the Apartment. Moreover, the Debtor acknowledges that she indemnified the title company against all losses in connection with the failure of the Board of Managers of the condominium to issue its routine "waiver" of its right of first refusal.[4] Given the unrefuted evidence that the Debtor was aware of the existence of the title insurance policy as of the closing, the Debtor's claim of fraud by Citibank certainly cannot be deemed to be based solely on newly discovered information and appears to be either without merit or barred by prior litigation.

As to the second element that must be found before a stay pending appeal is granted, the Court finds no irreparable harm to the Debtor since (1) it appears that the Debtor has no equity in the Apartment; and (2) assuming *arguendo* that she does have equity in the Apartment, any injury to such equity could be compensated by money damages. *Liggett*, 118 B.R. at 222; *See also Sandra Cotton*, 64 B.R. at 263. Moreover, even if this court were to determine that imminent eviction of the Debtor from her home would be sufficient to find irreparable injury, that would not be sufficient to warrant the grant of a stay pending appeal in the absence of a finding of probable success on the merits and the other required elements. *See Liggett*, 118 B.R. at 222.

The third element looks to the harm to the party whose judgment would be stayed. It is evident that both Citibank and the condominium will suffer harm if they are subject to further delay in proceeding with the foreclosure sale. For years, the Debtor has delayed Citibank's efforts to foreclose its mortgage through an aggressive, but unsuccessful litigation posture and for

---

**4.** While the merits of the title insurance issue are not before this Court, the Court finds it necessary to point out that this appears to be another effort by the Debtor to obscure the issues related to this proceeding. In at least some of her papers the Debtor has indicated that she was turned down by the Board of Managers for failure to provide financial disclosure, which would not appear to be a risk covered by the title insurance policy. If the condominium had exercised a right of first refusal to purchase the Apartment, this dispute would presumably be in a different posture with condominium seeking to exercise ownership rights.

years the Debtor has continued to reside in the Apartment without paying her mortgage to Citibank or her common charges to the condominium.

Finally, the court must look to the public interest, most particularly, the interests of judicial economy and the finality of litigation. The Bankruptcy Code contemplates that matters involving the automatic stay are to be decided expediently. See Code § 362(e). This Debtor has had the benefit of the automatic stay for months to prevent her eviction from the Apartment despite the fact that she is not the legal owner of the Apartment and has paid nothing since filing her Chapter 11 petition for her occupancy. The dispute regarding the foreclosure has been extensively litigated in state court. Public policy favors finality in litigation. *See Liggett*, 118 B.R. at 223.

Simply put, this Court found cause to lift the automatic stay under Bankruptcy Code § 362 on the grounds that the Debtor (i) does not hold legal title to the Apartment, (ii) cannot compel legal title to the Apartment to be delivered to her, and (iii) has not sought to have this court sell the Apartment under the provisions of Bankruptcy Code § 363(f). This Court sees no solution for the Debtor to solve her legal problems with respect to the Apartment except a sale of the Apartment to a third party. The Debtor has steadfastly declined to pursue that end. See *de Kleinman II*, 136 B.R. 77 at n. 3 and 78–9. This Court expressly found that the automatic stay did not need to remain in place "pending the last breath of argumentation in the state courts". *Id.* at 78.

It is well to remember that this Court lifted the automatic stay to permit the enforcement of a judgment of foreclosure and sale entered by another court. This Court cannot vacate the state court's judgment. *See generally Kelleran v. Andrijevic*, 825 F.2d 692 (2d Cir.1987), *cert. denied*, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). Nothing in the Order prevents the Debtor from asking the state court to stay its order by presenting her "title insurance fraud on the court" argument to that court.

This Court, therefore, finds that the Debtor has not shown the required likelihood of success on the merits or that she has shown that she will suffer irreparable harm if the stay is not granted. However, the facts do show that substantial harm will be suffered by Citibank and that public policy would not be served by granting the stay pending appeal under the circumstances of this case.

### CONCLUSION

For the foregoing reasons, this Court denies the request of the Debtor contained in the Letter to schedule a hearing. This court concludes that it lacks jurisdiction as to that part of the Letter seeking relief under FRCP 60(b) and to the extent that the Debtor should be deemed to be requesting a stay pending appeal, the Court having heard the arguments on submission of papers, concludes that the Debtor has failed to sustain her burden under Bankruptcy Rule 8005 and this Court declines to issue such stay.