**GREEN POINT BANK, Plaintiff,**

v.

**Robin TRESTON, Defendant.**

**No. 95 Civ. 7827 (WCC).**
**Bankruptcy No. 95 B 20861 (ASH).**

United States District Court,
S.D. New York.

Oct. 20, 1995.

Robin Treston, Yonkers, N.Y., Debtor Pro Se and Appellant.

Cullen and Dykman, Garden City, N.Y. (Susan B. Persichilli, Theresa Gaffney, of counsel), for Green Point Bank.

WILLIAM C. CONNER, Senior District Judge:

Debtor Robin Treston, appearing *pro se*, has made an oral, *ex parte* motion for a stay of the foreclosure sale of the premises on which his business is located. On October 19, 1995, we ruled orally that debtor was not entitled to a stay. This memorandum is intended to supplement that ruling.

## BACKGROUND

Debtor operates an auto body shop at 114 Herriot Street in Yonkers. Green Point Bank holds a secured first mortgage on the property. On May 15, 1991, Green Point obtained a judgment of foreclosure in state court. Green Point then noticed a sale of the property for October 15, 1991. Treston filed for bankruptcy under Chapter XIII on October 10, 1991. The foreclosure sale was therefore stayed by operation of the automatic stay. *See* 11 U.S.C. § 362(a). The bankruptcy court subsequently terminated the proceeding on May 13, 1992, because debtor had made no post-petition payments.

Debtor filed the current bankruptcy proceeding on May 10, 1995. This is debtor's fifth bankruptcy filing since 1991. Each of the prior proceedings resulted in termination of the automatic stay or dismissal of the petition. Over the last four years, Green Point has noticed six foreclosure sales: five were stayed by debtor's various filings, while a sixth was stayed by debtor's motion to vacate a dismissal.

On June 26, 1995, Green Point moved to lift the automatic stay with prejudice to permit the foreclosure sale to take place. The bankruptcy court conducted a hearing on the motion on July 11, 1995, which was adjourned until July 25, 1995, in order to give

the debtor an opportunity to bring his payments current and to gather additional evidence in opposition to the motion. On July 25, 1995, the bankruptcy court granted the motion to lift the automatic stay with prejudice, insofar as the stay prohibited foreclosure on the debtor's property.

Debtor filed a notice of appeal from that ruling on August 4, 1995. The notice was transmitted to the District Court, and this action was commenced, on September 12, 1995. On October 17, 1995, we received a telephone call from debtor informing us that he had received, sometime during the previous week, a notice announcing that a foreclosure sale of the property was scheduled for October 19, 1995, at 10 a.m. Debtor requested relief from the sale. In a conference call with debtor and counsel for Green Point conducted at 9:00 a.m. on October 18, we directed debtor to request a stay pending appeal from the bankruptcy court, pursuant to Bankruptcy Rule 8005. After a telephone conference conducted late that afternoon, the bankruptcy court denied debtor's request for a stay pending appeal.

Due to the emergency nature of debtor's appeal and his *pro se* status, we permitted him to make an oral, *ex parte* motion for a stay pending appeal by telephone at 9:15 a.m. on October 19. Based on our review of the motion papers submitted by both parties in June and July 1995 and on our discussions with the parties, we orally denied debtor's motion. Shortly thereafter, we received the bankruptcy court's written memorandum. Upon review of the written decision and further consideration of the record in this case, we issue this written confirmation of our oral ruling.

## DISCUSSION

 On appeal, we must evaluate the bankruptcy court's findings of fact under a "clearly erroneous" standard, but subject its conclusions of law to *de novo* review. *See In re One Times Square Assocs. Ltd. Partnership*, 165 B.R. 773, 774–75 (S.D.N.Y.1994), *aff'd*, 41 F.3d 1502 (2d Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 1107, 130 L.Ed.2d 1072 (1995). Under Fed.R.Civ.P. 62(c), made applicable to bankruptcy cases by Bankruptcy

Rule 7062, the decision to grant or deny a stay pending appeal is within the discretion of the bankruptcy court. *See In re Charles & Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 53 (Bankr.S.D.N.Y.1988); *see also In re Blackwell*, 162 B.R. 117, 119 (E.D.Pa.1993); *In re Grand Traverse Dev. Co. Ltd. Partnership*, 151 B.R. 792, 795 (W.D.Mich.1993). We therefore review the bankruptcy court's decision only for abuse of discretion. *See Blackwell*, 162 B.R. at 119; *Grand Traverse*, 151 B.R. at 795–96; *In re Stratford Hotel Co.*, 120 B.R. 515, 516 (E.D.Mo.1990).

 Under Bankruptcy Rule 8005, a party seeking a stay pending appeal must ordinarily apply to the bankruptcy court in the first instance. The party may apply to the district court, as long as the motion shows why the relief sought was not obtained from the bankruptcy court. The standard for granting a stay pending appeal is well-established. The party seeking the stay must demonstrate: (1) the strong likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be suffered by the other parties if the stay is granted; and (4) that no harm to the public interest, if it is implicated, will be caused by granting the stay. *See In re Advanced Mining Systems, Inc.*, 173 B.R. 467, 468 (S.D.N.Y.1994); *In re de Kleinman*, 150 B.R. 524, 528 (Bankr.S.D.N.Y.1992).

Before we begin our review of the bankruptcy court's ruling, we must note our awareness of the importance of the outcome of this motion to the debtor. As one court has phrased it, on a motion of this sort "the 'whole ball of wax' is ... at stake," because the scheduled foreclosure sale will proceed if debtor is denied a stay pending appeal. The completion of foreclosure proceedings may well render debtor's appeal from the order lifting the automatic stay substantially, if not entirely, moot. *See In re Asheville Bldg. Assocs.*, 93 B.R. 920, 923 (W.D.N.C.1988). For this reason, both the bankruptcy court and this court have gone to unusual lengths to provide the debtor with an opportunity to be heard on these motions, despite the eleventh-hour nature of debtor's applications.

Upon review of the bankruptcy court's memorandum, with which we assume familiarity, it is readily apparent that the ruling is not an abuse of discretion. The bankruptcy court held first that debtor has not demonstrated a likelihood of success on the merits of the appeal. As the bankruptcy court explains, Green Point's motion was based on 11 U.S.C. § 362(d)(1), which permits the court to lift the automatic stay "for cause, including the lack of adequate protection of an interest in property...." Courts have held that a finding of bad faith is cause for lifting the stay. *See Grand Traverse,* 151 B.R. at 798; *In re Drislor Assocs.,* 110 B.R. 937, 941 (D.Colo.1990).

■ The bankruptcy court found that the affidavits submitted by both parties in connection with Green Point's motion to lift the automatic stay conclusively establish that Green Point's interest in the property was not adequately protected. Those affidavits reveal that the value of the property has declined substantially since debtor first filed for bankruptcy and that debtor has a long history of being unable or unwilling to make post-petition payments substantial enough to have any real impact on the large arrearage.[1] Under these circumstances, the bankruptcy court's finding of lack of adequate protection is not clearly erroneous.

Furthermore, the bankruptcy court found that debtor's history of filing bankruptcy petitions on the eve of scheduled foreclosure sales, in conjunction with his failure to make adequate post-petition payments, was clear evidence of debtor's lack of good faith. Debtor has contested this characterization of his filings by submitting an affidavit that attributes the dismissals or terminations of his previous bankruptcy proceedings to a history of procedural mistakes made while acting *pro se,* failures of counsel occurring while he was represented, and lack of cooperation from Green Point in providing him with information that he needed to complete a satisfactory reorganization plan. *See* Affida-

vit of Robin Treston, dated July 7, 1995, at ¶¶ 9–10. The determination that a debtor is acting in bad faith is, however, a question of fact, *see Grand Traverse,* 151 B.R. at 798–99, and we cannot say, based on the record before us, that the bankruptcy court's finding of bad faith is clearly erroneous.

■ Given these factual predicates, the bankruptcy court's legal conclusion that debtor has not demonstrated a likelihood of success on the merits of his appeal is sound. As the bankruptcy court correctly noted, debtor's failure to satisfy one prong of the standard for granting a stay pending appeal dooms his motion. *See de Kleinman,* 150 B.R. at 528; *Brown's Hotel,* 93 B.R. at 53. Nonetheless, the bankruptcy court considered the remaining three factors as well. It found that debtor has shown that he was likely to be injured, although perhaps not irreparably, if the stay was denied. This finding was counterbalanced, however, by the harm to Green Point from continued delay of the foreclosure sale. The bankruptcy court also found that denying the requested stay was in the public interest because debtor had repeatedly failed to meet his obligations under the bankruptcy law and could not be permitted to use the protection of the automatic stay to put off indefinitely the foreclosure of his property. We agree completely with the bankruptcy court's factual and legal conclusions on these points.

## CONCLUSION

For the foregoing reasons, debtor's motion for a stay of the foreclosure sale pending appeal is denied.

---

1. Debtor contends that he has made $7,165.09 in payments that Green Point did not include in its affidavit detailing the postpetition payments made by debtor during each of his bankruptcy proceedings. The bankruptcy court found, and we agree, that this dispute about the total amount of post-petition payments does not affect the likelihood of debtor's success on the merits of his appeal. Even if debtor has made the payments to which he refers, those payments represent only a small fraction of the arrearage, which is in excess of $61,000.