203 B.R. 358 (1996)
In re BIJAN-SARA CORPORATION, Debtor.
BIJAN-SARA CORPORATION, Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.
BAP No. 96-50017, Bankruptcy No. 96-10266.
United States Bankruptcy Appellate Panel for the Second Circuit.
November 25, 1996.
MEMORANDUM DECISION AND ORDER DENYING MOTION FOR AUTHORIZATION FOR CORPORATION TO APPEAR PRO SE AND FOR STAY PENDING APPEAL
LIFLAND, Bankruptcy Judge.
Bijan-Sara Corporation ("Appellant"), through its principal, Bijan Bahramian *359 ("Bahramian"), filed an appeal from two orders of the Bankruptcy Court for the District of Vermont: a) an order dated October 22, 1996 (the "October 22, 1996 Order") granting the Federal Deposit Insurance Corporation ("Appellee") relief from the automatic stay provisions of 11 U.S.C. § 362; and b) an order dated November 6, 1996 denying reconsideration of the October 22, 1996 Order. The Appellant's Chapter 11 case was converted to a Chapter 7 case on August 19, 1996. A Chapter 7 trustee has been appointed. The Chapter 7 trustee, a party in interest, consented to the FDIC's motion for relief from the automatic stay. Before this Court is the Appellant's motion for an order permitting Mr. Bahramian, the principal of the Appellant (who is not an attorney), to appear on behalf of Appellant in this appeal. Although the motion before the Panel is styled "Motion to Appear pro se in U.S. BAP Service of the Second Circuit," the Appellant's motion also contains an emergency request for a stay pending appeal of the execution of a Writ of Possession issued by the United States District Court for the District of Vermont following the October 22, 1996 Order.[1]
REQUEST TO PERMIT APPELLANT'S PRINCIPAL TO APPEAR ON BEHALF OF CORPORATE APPELLANT
It is well-settled that a corporation must be represented by counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); Jones v. Niagara Frontier 722 F.2d 20, 22 (2d Cir.1983) (corporation is an artificial entity which can only act through its agents); see also Eagle Associates v. Bank of Montreal, 926 F.2d 1305 (2d Cir.1991); Local Rule of the Second Circuit 46(d)(2).
The Appellant argues that one opinion in this Circuit has allowed a small corporate bankrupt under former Chapter XI to appear by its principal, who had also filed for bankruptcy relief. Matter of Holliday's Tax Services, Inc., 417 F.Supp. 182 (E.D.N.Y.1976); aff'd without opinion 614 F.2d 1287 (2d Cir. 1979). In Holliday's Tax Services, the court found that, since the principal and corporation could not hire an attorney, to deny it the ability to proceed without an attorney might be to deny it the ability to proceed at all. Unlike Holliday's Tax Services, the Appellant claims that it has assets, i.e., real property in Vermont in which it maintains equity. Furthermore Appellant claims that it has tenants occupying that property which to this point generates "some income." There is no showing that the Appellant is or has been without resources. Thus, even if pertinent, Holliday's Tax Services is inapplicable to the facts before us. Moreover, the Supreme Court in Rowland, has criticized Holliday's Tax Services, noting that it was an "aberrant case," the only case that allowed a corporation to appear pro se, did not follow federal precedent, and has not been followed by any other court. Rowland, at 203, n. 5.[2]
Finally, although the Appellant claims that Circuit Judge Newman authorized the principal of the Appellant to appear on behalf of the Appellant, the Appellant's motion to appear pro se make no showing that any order to that effect was entered by the Circuit in contravention to its Local Rule. Accordingly, Appellant's application for an order authorizing it to appear by Mr. Bahramian is denied.
*360 EMERGENCY MOTION FOR STAY PENDING APPEAL
The standard for granting a stay pending appeal is well-established. The party seeking the stay must demonstrate: (1) that the movant will suffer irreparable injury if the stay is denied; (2) that no substantial harm will be suffered by another party if the stay is granted; (3) "a substantial possibility, although less than a likelihood, of success" on the merits; and (4) that no harm to the public interest, if it is implicated, will be caused by granting the stay. Hirschfeld v. Board of Elections, 984 F.2d 35, 39 (2d Cir. 1992). See also cases holding need to show "a strong likelihood of success on the merits", Green Point Bank v. Treston, 188 B.R. 9, 11 (S.D.N.Y.1995); In re Advanced Mining Systems, Inc., 173 B.R. 467, 468 (S.D.N.Y.1994); In re de Kleinman, 150 B.R. 524, 528 (Bankr.S.D.N.Y.1992); In re Sphere Holding Corp., 162 B.R. 639, 642 (E.D.N.Y. 1994); In re Liggett, 118 B.R. 219, 221 (Bankr.S.D.N.Y.1990). The moving party must show "`satisfactory' evidence on all four criteria." In re Charles & Lillian Brown's Hotel, Inc., 93 B.R. 49, 53 (Bankr.S.D.N.Y. 1988) citing In re Smoldt, 68 B.R. 533, 535 (Bankr.N.D.Iowa 1986). "[Movant's] failure to satisfy one prong of the standard for granting a stay pending appeal dooms his motion". Green Point v. Treston, 188 B.R. at 12; see also In re de Kleinman, 150 B.R. at 528; In re St. Johnsbury Trucking Company, Inc., 185 B.R. 687, 688 (S.D.N.Y.1995).
Appellant's request for a stay of the writ of execution must fail, since Appellant has not satisfied all prongs of the standard. Examination of these standards shows, first and foremost, that the FDIC will be substantially harmed by yet another stay in these proceedings. The property which is the subject of this dispute has been in foreclosure proceedings since 1991, and the FDIC obtained a judgment of foreclosure in 1994 with a liquidated claim, including interest, of approximately $1.4 million. The lien and claim amount are beyond challenge. Further delay only serves to increase the already substantial burdens on the secured creditor.
Moreover, the papers submitted in connection with this motion do not satisfy the "any substantial possibility, although less than a likelihood, of success on the merits" prong, Hirschfeld, id., at 39. This is at least the fourth court in which the Appellant has sought some form of the same relief without success (see submission in support of the motion).
ORDER
For the reasons set forth above,
IT IS ORDERED, that Appellant's motion to appear pro se by Mr. Bahramian is denied; and it is further
ORDERED that Appellant's emergency request for a stay of the writ of possession issued by the District Court for the District of Vermont is denied.
NOTES
[1] Appellant, purporting to appear pro se by its principal, Mr. Bahramian, apparently initially filed a motion for stay pending appeal with the clerk's office of the Bankruptcy Appellate Panel, which motion was returned to the Appellant for failure of proper corporate representation (see Second Circuit Local Rule 46(d)(2)). Appellant now seeks permission to appear pro se and renews its request for a stay pending appeal of the October 22, 1996 Order.

It should also be noted that Appellant has lodged several other appeals from orders of the Bankruptcy Court, including an appeal from the order dated August 19, 1996 converting the Appellant's Chapter 11 case to a Chapter 7 case. However, the request for emergency stay relief relates solely to the October 22, 1996 Order. In light of the time constraints (i.e., the Appellant is seeking to stay a writ which is to be executed on the next business day), this Panel will consider Appellant's request for that relief.
[2] The issue of Mr. Bahramian's appearance for the corporate debtor was considered by Judge Sessions of the U.S. District Court for the District of Vermont, who denied such representation on October 31, 1996. The Appellant acknowledges that Judge Sessions' order has not been vacated.