**AMERICAN COMMUNITY BANK, N.A., Cross–Appellant,**

v.

**Richard C. BREEDEN, Chapter 11 Trustee, and the Official Committee of Unsecured Creditors, Respondents.**

**FIRST NATIONAL BANK OF NORTHWEST OHIO, Cross–Appellant,**

v.

**Richard C. BREEDEN, Chapter 11 Trustee, and the Official Committee of Unsecured Creditors, Respondents.**

Nos. 98–CV–279, 98–CV–253.

United States District Court, N.D. New York.

Nov. 2, 1998.

Winthrop, Stimson, Putnam & Roberts (Steven K. Barentzen, Edward S. Cowen, Daniel A. Lowenthal, III, of counsel) New York City, for American Community Bank, N.A., and First National Bank of Northeast Ohio.

Simpson Thacher & Bartlett (Myer O. Sigal, Jr., Maurice H. Hartigan, III, William T. Russell, Jr., George M. Newcombe, of counsel) New York City, for Richard Breeden, as trustee.

Wasserman, Jurista & Stolz, P.C. (Harry M. Gutfleish, of counsel) Milburn, NJ, for Respondent the Official.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Pending before the Court are motions by appellees and cross-appellants, First National Bank Northwest Ohio ("First National") and American Community Bank, N.A. ("AmeriCom") (collectively, the "Creditor Banks"), seeking leave from their cross-appeals to make a Rule 60(b) motion before the bankruptcy court for relief from that part of the bankruptcy court's decisions relating to whether the debtor, the Bennett Funding Group, Inc. ("Bennett" or "Debtor"), had more than one place of business in the State of New York.

For the reasons that follow, the Creditor Banks' motions are denied.

## I. BACKGROUND

On May 15 and 16, 1997, the United States Bankruptcy Court for the Northern District of New York (Gerling, C.J.) held evidentiary hearings on motions by First National and AmeriCom, respectively, to lift the automatic stay in the Bennett bankruptcy matter. Approximately two weeks later, while the Creditor Banks' motions were pending, the bankruptcy court issued a decision on a similar motion by Marine Midland Bank, N.A. (the "Marine Decision"). In the Marine Decision, the bankruptcy court held that the Debtor had just one place of business in New York State and that Marine's Uniform Commercial Code (UCC) filings in the Onondaga County Clerk's office listing "Aloha Leasing, a Div. Of The Bennett Funding Group, Inc." as the debtor failed to perfect Marine's security interests in certain leases and lease proceeds.

Some two months later, recognizing that they would likely receive a similar ruling on their lift-stay motions, the Creditor Banks moved to reopen their evidentiary hearings to submit evidence showing that the Debtor had a second place of business in New York State. According to the Creditor Banks, if the Debtor had a second place of business, then their UCC–1s filed with the Secretary of State perfected their security interests in the leases and lease proceeds. In support of their motions to reopen, the Creditor Banks submitted the Fava deposition, which they believed demonstrated that the Debtor operated a second place of business in Westchester County, New York, from December 1, 1992 to August 31, 1994.

On August 29, 1997, the bankruptcy court, without opinion, denied the Creditor Banks' motions to reopen their evidentiary hearings (the "New Evidence Decisions"). However, in a thorough opinion addressing a similar motion by Metrobank, N.A. to reopen, the

bankruptcy court reasoned that "[each bank is entitled to its own evidentiary hearing at which to create its own factual record from which the Court may render a decision]." It continued that it "is incumbent upon the banks ... to make whatever legal arguments they deemed appropriate," at that time. (the "MetroBank Decision").

On December 29, 1997 and January 7, 1998, respectively, the bankruptcy court granted, in part, the motions made by Ameri-Com and First National to lift the automatic stay (the "Stay Decisions"). The Stay Decisions found, however, that neither of the Creditor Banks had perfected security interests in the leases and lease proceeds. The Creditor Banks did not seek reconsideration of the Stay Decisions before the bankruptcy court.

Shortly thereafter, the Chapter 11 Trustee and the Official Committee of Unsecured Creditors (the "Creditors' Committee") appealed certain aspects of the Stay Decisions. The Creditor Banks also appealed adverse parts of the Stay Decisions, and the New Evidence Decisions. Both appeals were assigned to this Court, which stayed the Scheduling Order for the appeals based upon the parties' representations that they would seek consolidation of these and some nine other related appeals in order to conserve judicial resources and to avoid possible conflicting decisions.

On January 28, 1998, while the appeals were pending, the bankruptcy court held a hearing on a motion to modify the automatic stay brought in a related case by First National Bank of Carmi ("Bank of Carmi"). On May 6, 1998, in reliance upon the Fava deposition, the bankruptcy court found that the Debtor operated a second place of business for a period of time in Westchester County, New York. As such, the bankruptcy court held that UCC–1s filed with the Secretary of State perfected the Bank of Carmi's security interest in certain leases and lease proceeds.

In light of the Bank of Carmi decision, the Creditor Banks now request an order granting them leave from their cross-appeals to move the bankruptcy court, pursuant to FED. R.CIV.P. 60(b)(1), or alternatively, 60(b)(6), to correct a judicial error in its Stay Decisions

relating to whether the Debtor had more than one place of business in the State of New York.

## II. DISCUSSION

 "The filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with matters raised by such appeal.... This divestment of jurisdiction preserves the integrity of the appellate process by avoiding the needless confusion which would flow from putting the same issue before two courts at once." *In re de Kleinman*, 150 B.R. 524, 526 (S.D.N.Y.1992); *see also In re Neuman*, 67 B.R. 99, 101 (S.D.N.Y.1986). "A [bankruptcy] court may grant a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the [district] court." *See Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992).

 In recognition of these principles, the Creditor Banks seek leave from their cross-appeals to make a Rule 60(b) motion before the bankruptcy court, "so as to request the [b]ankruptcy [c]ourt either to correct a judicial error in the [Stay Decisions] concerning whether the Debtor had more than one place of business in New York State, and as a result specifying that the [Creditor Banks] perfected their security interests by filing ... UCC–1s ... with the New York Secretary of State's Office." *See* Creditor Banks' Memoranda of Law, at 4–5. The Creditor Banks contend that to remand the matter would not prejudice the Creditors' Committee because the appeals have not yet been briefed and that in fact there is not even a briefing schedule in place.

The Court disagrees. The bankruptcy court has already denied the Creditor Banks' motions to reopen the evidence regarding the purported second place of business of the Debtor. The Creditor Banks did not seek reconsideration of that denial. Similarly, when the bankruptcy court issued its Stay Decisions, finding that the Debtor only maintained one place of business in New York State, the Creditor Banks did not seek reconsideration of those decisions. Instead, they chose to appeal to this Court. Now, more than six months after filing their appeals, the Creditor Banks seek to return to the bank-

ruptcy court to re-litigate an issue that the bankruptcy court has already decided.

To allow the Creditor Banks yet another bite at the proverbial apple would expose the Creditors' Committee to unnecessarily delay and expense caused by the Creditor Banks' failure to timely present evidence to the bankruptcy court. This the Court will not do. No matter how the bankruptcy court might rule on the Creditor Banks' proposed Rule 60(b) motions relating to the New Evidence and Stay Decisions, the aggrieved party surely would seek appellate review here. The Creditor Banks presently appeal the New Evidence and Stay Decisions to this Court, which will decide them together with the other appeal issues at one time.

## III. CONCLUSION

For the reasons stated, the Court DENIES the motions of First National (98–CV–253) and AmeriCom (98–CV–279) seeking leave from their cross-appeals.

**IT IS SO ORDERED.**